[Crim. No. 1525. First Appellate District, Division Two.—March 1, 1929.]

THE PEOPLE, Respondent, v. FRANCIS E. LEE, Appellant.

F. W. Sawyer and Marlowe Bumpus for Appellant.

U. S. Webb, Attorney-General, and Wm. F. Cleary, Deputy Attorney-General, for Respondent.

STURTEVANT, J.—The district attorney filed an information against the defendant charging the defendant with the commission of a wrongful act expressed in two counts. In the first count he charged the violation of section 146 of the Motor Vehicle Act (Stats. 1923, p. 564), and in the second count he charged the commission of grand theft. The defendant entered a plea to each count by pleading not guilty and also not guilty by reason of insanity. A trial was had before the court sitting with a jury. The jury returned a verdict in four parts, finding the defendant (1) guilty under the first count; (2) that he was insane at the time the offense charged was committed; (3) guilty under the second count, and (4) that he was insane at the time the offense charged was committed. When the defendant was arraigned for judgment, after having ruled on all motions and objections why judgment should not be pronounced, the court stated: "The defendant having been convicted by the verdicts of the jury of the crime of grand theft and also a violation of section 146 of the California Vehicle Act [Stats. 1923, p. 564], and the jury after trial having rendered its verdict finding that the defendant was insane at the time of the commission of the two offenses, and it not appearing to the court that the defendant has fully recovered his sanity, and it further appearing to the court there is no state hospital for the criminally insane, now, therefore, it is the judgment of this court and it is ordered, adjudged and decreed, and directed that the said defendant be confined in the Mendocino State Hospital, located at Talmadge, California, for the time and in the manner prescribed

by law. It is further ordered, adjudged and decreed that the sheriff of the County of Alameda deliver said defendant to the superintendent of the Mendocino State Hospital, located at Talmadge, California, and that said superintendent confine said defendant at said hospital as prescribed by law and in pursuance of this judgment.'' From that judgment or order the defendant has attempted to appeal, bringing up what purports to be the judgment-roll certified by the county clerk, but neither in whole nor in part attested by the affidavit of the reporter, nor certified in whole nor in part by the certificate of the trial judge.

■ The appellant makes one point and that is to the effect that he has been tried for a felony, acquitted by reason of his insanity, but nevertheless imprisoned in a state hospital instead of a state penitentiary, and that under the facts he should have been dismissed. At this point it should be stated that pages 10 to 15 of the clerk's transcript appear to be a transcription of the notes of the reporter of the proceedings had when the trial court made the order or judgment hereinabove set forth. On the date last mentioned it will be noticed that the trial court recited in its order, ''it not appearing to the court that the defendant has fully recovered his sanity.'' Such being the case, the order made by the trial court was in exact compliance with the statute. (Pen. Code, sec. 1026 [as added by Stats. 1927, p. 1149, sec. 4].) ■ However, the defendant picks up the unauthenticated transcription of the reporter's notes and reads therefrom what purports to be a certificate of a medical superintendent of a state hospital to the effect that the defendant was discharged October 19, 1928, as recovered. Whatever might have been the mental condition of the defendant June 22, 1928, the date of the alleged offense, or at any time thereafter, he argues that the last expression on the subject was that contained in the certificate of the medical superintendent. The error in this position rests in this, we are not entitled to act on the fragmentary transcription of the reporter's notes because it is not properly authenticated and furthermore has no proper place in the clerk's transcript. ■ Giving the defendant the fullest benefit of the information therein contained, all we can say is that the certificate is but *prima facie* evidence of the mental condition of the defendant at the time of the trial,

and nothing to the contrary appearing, in support of the order of the trial judge, we are bound to presume that other and additional evidence was introduced showing, or tending to show, that at the time of the trial it did not appear to the trial court "that the defendant has fully recovered his sanity."

The respondent contends that the order or judgment entered on November 23, 1928, is not an order or judgment from which the defendant is entitled to appeal. (Pen. Code, sec. 1237.) The only authority that seems to be closely in point is *Rex* v. *Machardy*, [1911] 2 K. B. 1144 [Ann. Cas. 1912A, 461]. The analogy between the two cases is very close. The case cited was determined by the court of criminal appeal in England. After a careful examination the court reached the conclusion that such a judgment or order is not in any proper sense a judgment of conviction, but that it is in the nature of an order in relief of the prisoner. Although such orders are not appealable, it has been held in other jurisdictions that the remedy of the prisoner is to apply for a writ of *habeas corpus*. (*In re Crosswell*, 28 R. I. 137 [13 Ann. Cas. 874, 66 Atl. 55].) These views are emphasized when section 1026a of the Penal Code [as added by Stats. 1927, p. 1148] which was enacted on the same day, is read in connection with section 1026 of the Penal Code. The former shows that the remedy is and was intended to be a proceeding in *habeas corpus*. It expressly so provides, but it also provides that that remedy may not be invoked until the confinement has continued one year. We may presume that when the defendant selected the pleas, which he later interposed, he did so with all of these provisions of the statutes in mind.

For the reasons stated the appeal is dismissed.

Koford, P. J., and Nourse, J., concurred.