[Crim. No. 1656.   Third Appellate District.—February 9, 1939.]

In the Matter of the Application for Release from the Mendocino State Hospital of FOREST R. WILLIAMS.

Gladys Towles Root for Petitioner.

Earl Warren, Attorney-General, and J. Q. Brown, Deputy Attorney-General, for Respondent.

THE COURT.—Appellant had been adjudged not guilty of the crime of rape, by reason of insanity at the time of the commission of the offense, and was, on March 20, 1937, committed to the Mendocino State Hospital for the Insane, pursuant to the provisions of section 1026 of the Penal Code.

More than one year thereafter he filed, in the Superior Court of the County of Mendocino, a petition for his release, alleging therein that he was then sane and entitled to his discharge from the hospital.

After a hearing thereon, an order was made denying his release. An appeal was then taken to this court from that order. The attorney-general has appeared and moved to dismiss the appeal upon the ground that the order remand-

ing petitioner to the hospital after a hearing upon an application for restoration of sanity (sec. 1026a, Pen. Code) is not an appealable order, and that the remedy is by a writ of *habeas corpus.* With this contention we are in accord. In *People* v. *Lee,* 97 Cal. App. 321 [275 Pac. 815], the court held that an order directing that defendant be confined in a state hospital is not an appealable order under section 1237 of the Penal Code, and that the remedy under sections 1026 and 1026a of the Penal Code is by a proceeding in *habeas corpus.* The power to discharge a patient otherwise than upon *habeas corpus* is vested exclusively in the officers of the hospital. (*Kellogg* v. *Cochran,* 87 Cal. 192 [25 Pac. 677, 12 L. R. A. 104].)

On the authority of those cases the motion to dismiss the appeal is granted. It is so ordered.