[Crim. No. 3574. Second Dist., Div. Three. May 22, 1942.]

THE PEOPLE, Respondent, v. GEORGE O. SCARBOROUGH, Appellant.

Robert B. Hughes and George G. Glick for Appellant.

Earl Warren, Attorney General, and Eugene M. Elson, Deputy Attorney General for Respondent.

SCHAUER, P. J.—The notice of appeal filed by defendant declares that it is taken ''from the order of this [the superior] Court heretofore made and entered . . . ordering him to be committed to the Mendocino State Hospital for the insane.'' Respondent's motion to dismiss such purported appeal on the ground that the order attempted to be appealed from is not an appealable order must be granted.

The order from which defendant has sought to appeal resulted from his having prevailed at the trial on the issues raised by his sole plea of ''Not guilty by reason of insanity'' which he had interposed to certain felony charges filed against him. Section 1026 of the Penal Code provides in material part that ''If the verdict or finding be that the defendant was insane at the time the offense was committed, the court unless it shall appear to the court that the defendant has fully recovered his sanity shall direct that the defendant be confined in the state hospital for the criminal insane, or if there be no such state hospital, then that he be confined in some other state hospital for the insane. If, however, it shall appear to the court that the defendant has fully recovered

his sanity such defendant shall be remanded to the custody of the sheriff until his sanity shall have been finally determined in the manner prescribed by law. A defendant committed to a state hospital shall not be released from confinement unless and until the court which committed him, or the superior court of the county in which he is confined, shall, after notice and hearing, find and determine that his sanity has been restored.''

The trial upon the issues raised by defendant's plea was had before the court sitting without a jury. Its finding is stated in the record as follows: ''The Court finds the defendant 'Not guilty by reason of insanity' and further finds that the defendant is insane at the present time.'' Although the issue of defendant's sanity at the time of the trial was not then being tried formally pursuant to section 1368 of the Penal Code, which section governs the trial of proceedings to determine present sanity of a defendant, the pronouncement noted above definitely establishes that in the opinion of the court the defendant had not ''fully recovered his sanity'' and therefore that the commitment to the Mendocino State Hospital was at least prima facie legally proper pursuant to the above quoted provisions of section 1026 of the Penal Code.

Section 1237 of the Penal Code specifies the instances in which an appeal may be taken by the defendant. They are: ''1. From a final judgment of conviction; 2. From an order denying a motion for a new trial; 3. From any order made after judgment, affecting the substantial rights of the party.'' Obviously the attempted appeal in this case is not from a final judgment of conviction, from an order denying a motion for a new trial, or from an order made after judgment. The defendant has been acquitted of the offenses charged against him, he has not sought a new trial, and no judgment in this case has been or can be pronounced against him. The defendant therefore has not suffered any adverse judgment or order from which an appeal may be taken, but if he wishes to challenge the sufficiency of the commitment or otherwise to subject the legality of his detention at the state hospital to judicial test he may do so by application for a writ of habeas corpus (*In re Slayback* (1930), 209 Cal. 480, 491-492 [288 Pac. 769]; *People* v. *Lee* (1929), 97 Cal. App. 321, 324 [275 Pac. 815].) The purported appeal is dismissed.

Shinn, J., and Wood (Parker), J., concurred.