[L. A. No. 23663. In Bank. July 8, 1955.]

THE PEOPLE, Respondent, v. WALTER GROSS, Appellant.

*Assigned by Chairman of Judicial Council.

Walter Gross, in pro. per., and Harry C. Cogen, under appointment by the Supreme Court, for Appellant.

Edmund G. Brown, Attorney General, and William E. James, Deputy Attorney General, for Respondent.

GIBSON, C. J.—The People have moved to dismiss defendant's appeal from an order denying his motion to correct and amend a clerk's transcript.

Defendant was adjudged a sexual psychopath in 1948 in proceedings brought under section 5500 et seq. of the Welfare and Institutions Code. He applied to the superior court for redetermination of his condition pursuant to section 5519, and on December 15, 1952, in accord with the reports of medical experts, the court found that he was still a sexual psychopath and ordered him to be returned to a state mental hospital.* Defendant appealed from that order, and his appeal is still pending in the District Court of Appeal. We ordered transcripts to be furnished at public expense for use on that appeal. (*Gross* v. *Superior Court,* 42 Cal.2d 816 [270 P.2d 1025].) After a record was prepared, defendant made a motion in the trial court to correct and amend the transcript by striking out certain statements and substituting others. The present appeal is from an order denying that motion.

The principal question is whether an appeal lies from the order refusing to correct and amend the transcript. ■ Sexual psychopathy proceedings are not criminal actions but special proceedings of a civil nature. ■ An original order of commitment as a sexual psychopath is appealable as a final judgment in a special proceeding under section 963 of the Code of Civil Procedure, and subsequent orders redetermining his condition made under section 5519 are appealable under subdivision 2 of section 963 as special orders after final judgment. (*Gross* v. *Superior Court,* 42 Cal.2d 816, 820-821 [270 P.2d 1025]; see *People* v. *Bachman,* 130 Cal.App.2d 445, 447-448 [279 P.2d 7].) ■ However, an order after final judgment is not apealable unless it affects

---

*Section 5519 of the Welfare and Institutions Code provides in effect that when a person has been confined in a state hospital as a sexual psychopath for at least six months the court, on its own motion or on motion by or on behalf of the person committed, may require the hospital superintendent to forward a report and recommendation concerning such person, and the court may order the person returned for a hearing, and after a hearing, if such person has not recovered, he may be recommitted.

the judgment in some manner or bears some relation to its enforcement. (*Imperial Beverage Co.* v. *Superior Court,* 24 Cal.2d 627, 632 [150 P.2d 881]; *Williams* v. *Superior Court,* 14 Cal.2d 656, 666 [96 P.2d 334]; *McCord Co.* v. *Plotnick,* 104 Cal.App.2d 495, 496 [231 P.2d 880].) The trial court, in rejecting the proposed corrections, apparently treated the motion as a request for correction of the transcript under rule 8 of the Rules on Appeal. In an analogous situation, where the trial court denied a motion to amend a reporter's transcript by striking out certain words in the answer of a witness and inserting others, it was held that the order was not appealable as a special order after final judgment since it did not affect the judgment or its enforcement. (*McCord Co.* v. *Plotnick,* 104 Cal.App.2d 495, 496 [231 P.2d 880].) Similarly, in *Cross* v. *Tustin,* 37 Cal.2d 821, 825-826 [236 P.2d 142], orders denying motions to vacate and amend a settled statement of oral proceedings were held nonappealable.

It is clear that no appeal lies from the order under consideration here. If, however, the record is deficient in any respect, defendant may apply to the District Court of Appeal for augmentation under rule 12 of the Rules on Appeal.

The appeal is dismissed.

Shenk, J., Carter, J., Traynor, J., Schauer, J., concurred.