[Crim. No. 12902.   Second Dist., Div. Five.   May 13, 1968.]

THE PEOPLE, Plaintiff and Respondent, v. VIRGINIA CATHERINE BECKETT, Defendant and Appellant.

Harry E. Weiss for Defendant and Appellant.

Thomas C. Lynch, Attorney General, William E. James, Assistant Attorney General, and A. Barry Cappello, Deputy Attorney General, for Plaintiff and Respondent.

KAUS, P. J.—On March 1, 1966, defendant Virginia Catherine Beckett pleaded guilty to three counts of forgery. (Pen. Code, § 470.) On June 20 her motion to withdraw the plea of guilty and her motion for a new trial[1] were denied. On June

_____
[1] It may be questioned whether the court would have had any power to grant such a motion. In view of the guilty plea there was no issue to

30, criminal proceedings were adjourned and she was committed to the Director of Corrections for observation and diagnosis pursuant to section 1203.03 of the Penal Code. ■ She then filed a notice of appeal from the orders denying her motion for a new trial and her motion to withdraw her plea of guilty as well as from the order committing her pursuant to section 1203.03. At the same time bail on appeal was fixed at $2,000 plus penalty assessment[2] and a stay of execution until October 10, 1966, was granted. Bail was posted and defendant was released. On July 22, 1966, defendant filed a written statement pursuant to section 1237.5 of the Penal Code and on August 2 the trial court certified that there was probable cause for her appeals.

None of the orders from which defendant has purported to appeal are appealable. There never has been a judgment in this case on the appeal from which the orders being questioned would be reviewable. ■ Denials of motions for new trial are separately appealable only where the defendant is committed for sexual psychopathy, insanity or narcotics addiction.

■ Defendant argues that her commitment for observation under section 1203.03 of the Penal Code was a special proceeding and appealable as a final judgment in such proceeding under section 963 of the Code of Civil Procedure. (*In re De La O,* 59 Cal.2d 128, 156 [28 Cal.Rptr. 489, 378 P.2d 793, 98 A.L.R.2d 705] ; *People* v. *Gross,* 44 Cal.2d 859, 860 [285 P. 2d 630].) We disagree. In *People* v. *Gross, supra,* it was held that sexual psychopathy proceedings, as they were then called, were special proceedings within the meaning of section 963 of the Code of Civil Procedure. In *In re De La O* the same result was reached with respect to narcotic commitments.

The type of proceedings under consideration in *Gross* and *De La O* are separate from the criminal proceedings. A commitment under section 1203.03 of the Penal Code is an integral part of the criminal probation and sentencing process. If the Legislature had decided that an order for commitment under that section be separately appealable, it would have so provided in the Penal Code. It did not do so.

Defendant also relies on *Thurmond* v. *Superior Court,* 49

be reexamined (Pen. Code, § 1179) nor could she conceivably urge any of the grounds for a new trial enumerated in section 1181 of the Penal Code. (*People* v. *Ramos,* 80 Cal.App. 528, 531 [251 P. 941].)

[2]In view of the non-appealability of the order from which the purported appeals were taken, the grant of bail and defendant's later release effectively brought all proceedings to a dead stop.

Cal.2d 17 [314 P.2d 6]. That case held that the then provision of rule 31 of the Rules on Appeal to the effect that no appeal could be taken from an order denying a new trial until after the granting of probation or the rendition of judgment did not apply where no judgment is rendered because of the commitment of the defendant as a sexual psycopath. The court pointed out that such a commitment may be continued for years and that postponement of the right to appeal for such a long period could impair or even destroy that right.

We think that *Thurmond* is not in point for two reasons:

1. At the time of *Thurmond*—1957—an order denying a new trial was appealable. Rule 31 had been drafted without consideration of the operation of the sexual psycopathy law. To rectify this mistake, the court looked to the purpose of rule 31 —the prevention of preparation of unnecessary transcripts— and interpreted it in a manner not inconsistent with that purpose. It did not create a right to appeal from a non-appealable order.

2. The maximum commitment under section 1203.03 is 90 days.

The People's motion is granted and the defendant Beckett's appeals are dismissed.

Hufstedler, J., and Stephens, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied July 10, 1968.