[Crim. No. 17020. First Dist., Div. One. Nov. 28, 1978.]

THE PEOPLE, Plaintiff and Respondent, v.
WILLIAM ANDERSON COLEMAN, Defendant and Appellant.

## COUNSEL

Paul N. Halvonik and Quin Denvir, State Public Defenders, under appointment by the Court of Appeal, Clifton R. Jeffers, Chief Assistant State Public Defender, and Michael G. Millman, Deputy State Public Defender, for Defendant and Appellant.

Evelle J. Younger, Attorney General, Jack R. Winkler, Chief Assistant Attorney General, Edward P. O'Brien, Assistant Attorney General, Derald E. Granberg and Laurence M. May, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**RACANELLI, P. J.**—On appeal from an order made following entry of a jury verdict finding defendant's sanity had not been restored,[1] defendant puts the sole question as whether the People have a right to a jury trial in special proceedings undertaken pursuant to Penal Code section 1026a.[2] Examination of the substance of defendant's claim supports our conclusion that the corollary and dispositive issue is whether the *defendant* has a right to a nonjury trial on the issue of his restored sanity.

---

[1]The notice of appeal states the appeal is taken from the "judgment herein entered . . . on the 3rd day of May, 1977"; the record reflects no formal entry of judgment but discloses the filing of the jury's verdict and a minute order returning the defendant to the state hospital. For purposes of our discussion herein, we may properly treat the latter order as an order of commitment constituting an appealable order after judgment (Pen. Code, § 1237, subd. 2) as explained hereafter.

[2]Section 1026a provides in pertinent part: "An application for the release of a person who has been committed to a state hospital or other facility, as provided in Section 1026, upon the ground that his sanity has been restored, may be made to the superior court of the county from which he was committed, . . . If the finding of the *court* be adverse to releasing such person upon his application for release, on the ground that his sanity has not been restored, he shall not be permitted to file a further application until one year has elapsed from the date of *hearing* upon his last preceding application. . . ." (Italics added.)

Unless otherwise indicated, all statutory references are to the Penal Code.

## FACTS

The facts pertinent to our discussion are undisputed:

In June 1976, defendant was found not guilty of the murder of his wife by reason of insanity based upon the written reports of court-appointed alienists. The court additionally found that defendant was then insane and ordered him committed to the Atascadero State Hospital for an indeterminate period. (See § 1026.) In March 1977, defendant petitioned for release as provided by the statute[3] at which time two alienists were appointed to examine him and submit written reports concerning the question of his present sanity. At the time set for trial, despite a preliminary finding of defendant's voluntary waiver of a trial by jury, the court concluded the attempted waiver was ineffectual without the People's consent and over defendant's objection directed impanelment of a jury to try the limited issue of restoration of sanity. Upon entry of the jury's verdict, defendant's motions for judgment notwithstanding the verdict and for parole and transfer to Napa State Hospital were denied and defendant was ordered returned to Atascadero State Hospital.

I

### Defendant's Right to Appeal

We first address the preliminary question raised by the People relating to defendant's right to appeal from a "judgment rendered in a Penal Code section 1026a hearing." Relying on earlier case authority the People contend that no right of appeal exists and review is limited to proceedings in habeas corpus. We disagree.

Prior to the 1968 amendment to section 1237, it had long been held that an order of commitment pursuant to section 1026 was not appealable. The reasoning underlying the earlier cases (see *People* v. *Mallory* (1967) 254 Cal.App.2d 151 [61 Cal.Rptr. 825]; *In re Perkins* (1958) 165 Cal.App.2d 73 [331 P.2d 712]; *People* v. *Scarborough* (1942) 52 Cal.App.2d 210 [125 Cal.Rptr. 893]; *In re Williams* (1939) 30 Cal.App.2d 733 [87 P.2d 399]; see also *People* v. *Lee* (1929) 97 Cal.App. 321 [275 P. 815] [explaining that an order of remand following a restoration of sanity hearing was subject to collateral attack only]) was largely premised on a determination that such hearing involved neither a final judgment of

---

[3]An earlier application had been made and withdrawn during the latter part of 1976.

conviction nor subsequent order from which an appeal was authorized by the governing statute.

In 1968, the Legislature amended that section to include a "commitment of a defendant for insanity" as an appealable final judgment. (§ 1237, subd. 1 (Stats. 1968, ch. 315, § 2); see *People* v. *Vanley* (1974) 41 Cal.App.3d 846, 848, fn. 1 [116 Cal.Rptr. 446].) In light of the reach of the amendment, those cases can no longer be considered as persuasive authority. (See *People* v. *Vanley, supra,* at p. 848.)

Since an order denying release following restoration proceedings results in continued indefinite commitment to a state hospital or other medical facility, a fortiori it must be construed as an appealable "order made after judgment, affecting the substantial rights" of the defendant. (§ 1237, subd. 2.)

Moreover, by force of analogy to other special involuntary commitment proceedings adjunct to criminal prosecutions the subject order may likewise be considered as an appealable order after judgment in a *civil* proceeding. (Code Civ. Proc., § 904.1, subd. (b), formerly § 963, subd. (2); cf. *People* v. *Gross* (1955) 44 Cal.2d 859, 860 [285 P.2d 630] [order of recommitment of mentally disordered sex offender appealable as a special order after final judgment]; *People* v. *Fields* (1965) 62 Cal.2d 538, 542 [42 Cal.Rptr. 833, 399 P.2d 369, 16 A.L.R.3d 708] [cert. den. 382 U.S. 858 (15 L.Ed.2d 95, 86 S.Ct. 113)] [original order of commitment pursuant to Pen. Code, § 1368 finding of insanity appealable as a final judgment in a special proceeding]; *In re De La O* (1963) 59 Cal.2d 128, 156 [28 Cal.Rptr. 489, 378 P.2d 793, 98 A.L.R.2d 705] [original order of commitment for treatment for narcotics addiction appealable as a final judgment in a special proceeding]; Witkin, Cal. Criminal Procedure, Appeal, § 652, p. 644, and cases collected.)

Accordingly, we conclude that review by direct appeal lies herein.

## II

### *Defendant's Right to a Nonjury Trial*

■ Defendant's argument may be synthesized as follows: A sanity restoration hearing is a special proceeding civil in nature to which the constitutional right of jury trial in a "criminal cause" does not apply (see Cal. Const., art. I, § 16); as such, the right to a jury trial may be extended

only by express legislative grant or judicial pronouncement grounded upon constitutional considerations. Since the right of trial by jury is now provided during a section 1026a restoration hearing only at the defendant's request (*In re Franklin* (1972) 7 Cal.3d 126, 148-149 [101 Cal.Rptr. 553, 496 P.2d 465]), it is argued, no comparable right was extended reciprocally to the People so as to justify a consensual waiver. In effect, defendant contends that in the absence of his affirmative request that a jury be impaneled, he is entitled to the correlative right of a nonjury or court hearing traditionally applicable to special proceedings civil in nature. Although we may accept the validity of defendant's analysis, we are unable to reach the same conclusion.

While it is true that a hearing on an application for release on the ground of restored sanity, paralleling other involuntary commitment procedures,[4] constitutes a special proceeding for which no right of jury trial attaches by statute,[5] the fact that equal protection considerations justify a similar safeguard "should . . . [the defendant] request it" (*In re Franklin, supra,* 7 Cal.3d 126, 148-149), does not result in an equivalent *right to a nonjury trial* simply by reason of a defendant's failure to make such request or express waiver. (Cf. *People* v. *King* (1970) 1 Cal.3d 791, 795 [83 Cal.Rptr. 401, 463 P.2d 753] [cert. den. 406 U.S. 972 (32 L.Ed.2d 672, 92 S.Ct. 2418)]; *Singer* v. *United States* (1965) 380 U.S. 24, 35 [13 L.Ed.2d 630, 638, 85 S.Ct. 783].) The subliminal but significant inquiry neglected in defendant's argument is whether in such circumstances, involving a special proceeding characterized by features and indicia peculiar to a criminal action (cf. *Gross* v. *Superior Court* (1954) 42 Cal.2d 816, 821 [270 P.2d 1025]; *People* v. *Feagley* (1975) 14 Cal.3d 338, 350-351 [114 Cal.Rptr. 663]),[6] it is nonetheless error to require that the People join in a defendant's express waiver of such judicially created right of constitutional dimension. We see no valid reason herein to preclude such

[4]E.g., Welfare and Institutions Code sections 1800-1802 (extended detention of Youth Authority wards) (see *In re Gary W.* (1971) 5 Cal.3d 296, 309 [96 Cal.Rptr. 1, 486 P.2d 1201]), 3108 (addiction or imminent danger of addiction to narcotics), 6318 (mentally disordered sex offender); Penal Code sections 1368-1370.1 (mental competency to stand trial).

[5]See footnote 2, *ante.*

[6]Similar to *Feagley,* this case is captioned "The People of the State of California v. William Anderson Coleman" and was docketed and tried in a criminal department of the superior court; the People were represented by the district attorney and the defendant by the public defender. On appeal, the case is similarly captioned and assigned a new "criminal" docket number; the People are represented by the Attorney General and the defendant by the State Public Defender. We may properly assume, in view of the defendant's qualifying indigency for appointed counsel, that the cost of transcripts was borne by the county.

a salutary procedural requirement. Nor do we discern any inherent unfairness to a defendant in the court's insistence upon prosecutorial consent as a condition to an effective waiver as presently mandated in criminal causes in general. (See Cal. Const., art. I, § 16.) Such a prophylactic requirement serves to protect rather than restrict the constitutional right extended to the defendant. If, as argued by defendant, it were shown that a jury was either unable or unwilling to render an impartial determination of an essentially medical question (see *In re Franklin, supra,* 7 Cal.3d 126, 149), an adequate legal remedy is available to review such claim and to prevent any miscarriage of justice (see discussion in part I).

In conclusion, we only hold that in accepting a defendant's waiver of a right of jury trial in connection with a special proceeding instituted under the provisions of section 1026a, no error is manifested in requiring that the People consent to such waiver. Nor, as stated, can such an abortive unilateral waiver be equated with a reciprocal right to a nonjury trial. In so holding, we impose no undue burden upon the defendant's acknowledged substantive right to a full and impartial hearing on his application for release as provided by the statute and relevant case law.

The order from which the appeal is taken is affirmed.

Elkington, J., and Newsom, J., concurred.

A petition for a rehearing was denied December 28, 1978, and appellant's petition for a hearing by the Supreme Court was denied January 24, 1979.