KENNETH KABA, APPELLANT, v. CHARLES R. FOX, APPELLEE.

330 N.W.2d 749

Filed March 4, 1983. No. 82-236.

Forrest F. Peetz of Peetz & Peetz, for appellant.

B. W. Strope, Holt County Attorney, for appellee.

KRIVOSHA, C.J., BOSLAUGH, McCOWN, HASTINGS, and CAPORALE, JJ., and BRODKEY, J., Retired, and RONIN, D.J., Retired.

HASTINGS, J.

This is the second appearance of this case. In a previous proceeding, *State v. Kaba,* found at 210 Neb. 503, 315 N.W.2d 456 (1982), the defendant, following a conviction of two felonies, appealed from an order of the District Court committing him to the Department of Correctional Services for an evaluation under Neb. Rev. Stat. § 83-1,105(3) (Reissue 1981). We held that because no sentence had been pronounced, the judgment was not final and therefore not appealable, and since the defendant did not challenge the constitutionality of § 83-1,105(3), we dismissed the appeal.

In this case Kenneth Kaba, the defendant in the previous appeal, brought a habeas corpus action against the sheriff to whom the District Court had remanded Kaba for the purpose of carrying out its previous commitment order. The court denied the application for the writ. Kaba appeals, assigning as error the failure of the District Court to grant the writ and the failure to find that § 83-1,105(3) is unconstitutional. We affirm.

A statute similar to § 83-1,105(3) is Cal. Penal Code

§ 1203.03(a) (West 1982), which provides: "In any case in which a defendant is convicted of an offense punishable by imprisonment in the state prison, the court, if it concludes that a just disposition of the case requires such diagnosis and treatment services as can be provided at a diagnostic facility of the Department of Corrections, may order that defendant be placed temporarily in such facility for a period not to exceed 90 days, with the further provision in such order that the Director of the Department of Corrections report to the court his diagnosis and recommendations concerning the defendant within the 90-day period." Compare that with § 83-1,105(3), which states: "Where the court is of the opinion that imprisonment may be appropriate but desires more detailed information as a basis for determining the sentence to be imposed than has been provided by the presentence report, [the court may] commit an offender to the Department of Correctional Services for a period not exceeding ninety days. . . ."

In *People v. Beckett,* 262 Cal. App. 2d 145, 68 Cal. Rptr. 464 (1968), the defendant pleaded guilty to three counts of forgery and was committed to the Director of Corrections for observation under § 1203.03. She appealed. The California Court of Appeals, Second District, held that her commitment for observation was not "a special proceeding and appealable as a final judgment." *Id.* at 146, 68 Cal. Rptr. at 465. See Neb. Rev. Stat. § 25-1902 (Reissue 1979). The California court went on to say that "A commitment under section 1203.03 of the Penal Code is an integral part of the criminal probation and sentencing process. If the Legislature had decided that an order for commitment under that section be separately appealable, it would have so provided in the Penal Code. It did not do so." *Id.* at 146, 68 Cal. Rptr. at 465. We agree with that reasoning.

Kaba cites *State v. Kelley,* 198 Neb. 805, 255 N.W.2d 840 (1977), for the proposition that article I, § 23,

of the Nebraska Constitution provides that "In all cases of felony the defendant shall have the right of appeal to the Supreme Court . . . ." However, § 25-1902 explains that a final order which may be appealed is one "affecting a substantial right in an action, when such order in effect determines the action and prevents a judgment, and an order affecting a substantial right made in a special proceeding . . . ." The fact of the matter is that every defendant, including Kaba, is entitled to an appeal. He may exercise such right when a final order, i.e., a sentence, is imposed. No such final order has as yet been entered. *State v. Kaba, supra; People v. Beckett, supra.*

The petitioner also insists that by delaying sentencing pending an evaluation as permitted by § 83-1,105(3) a defendant is denied his right to a speedy trial as provided by the sixth amendment to the U.S. Constitution, and by Article I, § 11, of the Nebraska Constitution. In *Brooks v. United States,* 423 F.2d 1149 (8th Cir. 1970), the defendant pleaded guilty to a felony on October 19, 1962. Sentencing was scheduled for January 23, 1963. In the meantime, the defendant was arrested and confined in jail as a result of a state murder charge. He was found guilty on the latter charge and sentenced to life imprisonment. On September 6, 1963, the defendant appeared in federal court and was sentenced on the original federal charges. At 1152 n. 3 the court observed that a 90-day interval for the court to conduct a presentence investigation is reasonable on its face. In affirming the dismissal of petitioner's motion to vacate the federal court sentence, the court stated: "In the instant case, the actual delay in the sentencing for the federal charges was from January 23, 1963, (the date originally set) to September 6, 1963, that is, approximately seven and one-half months. Even if one were to consider the delay to extend from October 19, 1962, to the date of actual sentence, a little over ten months, this interval of

time is much less than that found in many cases which have turned away similar Sixth Amendment claims. We are again reminded that the essential ingredient of the Sixth Amendment right to a speedy trial is 'orderly expedition and not mere speed.' " *Id.* at 1152.

A delay in sentencing of 90 days pending a court-imposed evaluation is not such a delay as to be violative of the sixth amendment right to a speedy trial.

Section 83-1,105(3) is not unconstitutional, and the District Court was correct in denying the petitioner's application for a writ of habeas corpus. Its judgment is affirmed.

AFFIRMED.