IN RE INTEREST OF COLIN L. BELDING, A MINOR CHILD UNDER 18 YEARS OF AGE.
STATE OF NEBRASKA, APPELLEE, v. COLIN L. BELDING, A MINOR, BY AND THROUGH HIS MOTHER, GWENDOLYN M. BELDING, APPELLANT.

211 N. W. 2d 715

Filed October 26, 1973.    No. 38637.

C. E. Danley, for appellant.

Ronald G. Sutter and Ralph J. Fischer, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, SMITH, McCOWN, NEWTON, and CLINTON, JJ.

SMITH, J.

A county court as a juvenile court adjudicated Colin L. Belding a delinquent and entered several dispositive orders. Belding moved the court for a new trial on the ground of newly discovered evidence germane to the delinquency adjudication. The motion was overruled, and an appeal of that ruling to District Court from the county court was dismissed. Belding appeals.

The State contends that the motion of Belding was defective. The defects included lack of (1) detail to establish no trespass at the time and place in question, (2) supporting affidavits, (3) reasonable diligence by Belding, and (4) probability of a different result on a new trial.

In order to outline the reasons for our conclusions in this proceeding, we must discuss (1) some procedural steps, (2) the relevant statutory provisions, and (3) the development of juvenile courts.

The adjudication of delinquency rested on allegations that Belding on July 18, 1970, and at age 16, had trespassed upon property of the St. Paul Lutheran School in Beatrice. At the hearing, counsel for the defense was waived and the allegations of the State were admitted. The court adjudicated Belding a delinquent on the

admissions and without evidence. It placed him on "temporary" probation to the juvenile probation officer, but permitted him to remain in the home of his parents. No appeal was lodged.

On June 4, 1971, a hearing without any allegations was held, notification having been given. Clarence Danley, then counsel for Belding, made a statement, and the probation officer submitted a report. The court, having investigated the matter, found that Belding "should be placed on probation in the temporary custody of . . . (the) Probation Officer to be placed in a suitable family home." It ordered temporary custody and continued the dispositive hearing indefinitely. The order of June 4, 1971, was appealed to District Court. On the appeal, Belding attacked generally the sufficiency of the evidence and specifically the procedural aspects of the delinquency adjudication. The State moved to dismiss the appeal for lack of a final, appealable judgment. The District Court sustained the motion, ordering the dismissal on August 16, 1971. No appeal was taken to this court.

On August 20, 1971, Belding moved the county court for a new hearing on the adjudication of delinquency, alleging newly discovered evidence. The evidence consisted of a conditional consent of the school board to the use of outside facilities by children for "legal activities." The motion was unsupported by affidavit. The State moved the court to overrule the motion on 6 grounds which included lack of due diligence, lack of any affidavit, and lapse of more than 1 year since the adjudication. The court on December 2, 1971, sustained the State's motion and overruled Belding's motion. Belding appealed to District Court where the State moved to dismiss the appeal without alleging any grounds. The motion was sustained on June 1, 1972, and the present appeal was taken to this court.

Supplemental transcripts filed in this court contain copies of supporting affidavits, and a motion for new

trial filed January 5, 1973, in the county court on the ground of newly discovered evidence. One affiant, Leonard Esch, stated that on July 18, 1970, he and two others had comprised the board of the St. Paul Lutheran School. The members had discussed the events in question: ". . . including the fact that Doug . . . and Colin Belding, as well as Kim Klostermeier were present on the . . . school grounds at . . . 11:30 . . . P.M.; that Kim . . . was driving . . . (an) automobile . . . and that the trunk . . . contained the remains of a case of beer, some of which was not opened; . . . that . . . (the) members of the . . . board, . . . (relying) on information furnished to them by . . . (defense counsel), determined that while they were unhappy and concerned at . . . (the presence of the three teenagers) on the fire escape at . . . (the) school, and while on past occasions they did ask the police to investigate, they did not wish to prosecute nor had they requested the police to prosecute persons found on . . . (the) school grounds, rather it was determined that as long as there was no destruction of property or vandalism, that children of all ages were welcome to use the facilities of the . . . grounds for . . . all legal activities; . . . that . . . while they felt the privilege of public use had been abused, none of the . . . board members had advised the police to prosecute anyone for trespassing on . . . (the school grounds), and they expressly stated that they did not wish to prosecute . . . (Doug . . ., Colin . . . or Kim) . . . for trespassing on the night in question." The supplemental transcripts further indicate that on June 18, 1972, Belding had departed from his foster home overnight without permission. The county court, on March 13, 1973, overruled Belding's motion of January 5, 1973.

We have summarized the transcripts alone, for we have no verbatim record of any proceedings in county court. According to the State, as late as June 4, 1971, no verbatim record of juvenile proceedings in the county court of Gage County was being made, and no bill of

exceptions exists for any of the proceedings in that court against Belding.

Statutory provisions relating to the juvenile proceedings against Belding read as follows. Provisions of the code of civil procedure relative to justices of the peace, in the absence of provisions to the contrary, applied to proceedings in all civil actions in county court. Former § 24-502, R. R. S. 1943. In the code of civil procedure in District Court, provisions that by their nature were applicable and in respect to which no special provisions were made applicable by other statute, applied to proceedings before justices of the peace. Former § 27-1801, R. R. S. 1943. The jurisdiction of the county court continued until final disposition of the juvenile proceedings, provided, however, that appeal might be had to District Court in the same manner as was provided by law in civil cases. Laws 1971, LB 670, § 1 (former § 43-202, R. R. S. 1943). The manner of appeal from county court in civil cases was that provided for appeals from justices of the peace. Former § 24-544, R. R. S. 1943. In all cases not otherwise specifically provided for, either party might appeal from the final judgment of any justice of the peace to District Court. The appeal vested the District Court with jurisdiction of all the issues presented to the justice of the peace by the pleadings. Former § 27-1301, R. R. S. 1943. Appeals were not allowed from judgments rendered on confession. Former § 27-1314, R. R. S. 1943.

Under the civil code of the District Court, a decision was to be vacated and a new trial granted on the ground of newly discovered evidence that was material for the applicant and that he could not with reasonable diligence have discovered and produced at the trial. An application on that ground was required to be supported by affidavit. §§ 25-1142 to 25-1144, R. R. S. 1943.

Juvenile courts developed in response to demands for humane, clinical treatment of children and in rebellion against the concept of punishment. The proceedings

were not to be adversary or self-defeating because of "apparent rigidities, technicalities, and harshness . . . in both substantive and procedural criminal law." In re Gault, 387 U. S. 1, 87 S. Ct. 1428, 18 L. Ed. 2d 527 (1967). Nebraska followed the national trend. § 43-206.03(5), R. S. Supp., 1972; DeBacker v. Brainard, 183 Neb. 461, 161 N. W. 2d 508 (1968) (separate opinion by McCown, J.).

The District Court orders of dismissal of appeal on August 16, 1971, and June 1, 1972, to the extent that the court considered the dispositive orders of the county court not to have been final, were erroneous. The insertion of the word "temporary" in the dispositive orders was ineffective to deny Belding a right of appeal. For purposes of appeal, a final order in a juvenile proceeding in county court encompassed every dispositive order that rested on an adjudication of delinquency.

In the civil code of the District Court the provisions in question would clearly lead us to affirm, had this been an original action in District Court. The language of the provisions relating to operation of the code in a juvenile proceeding commenced in county court, however, was highly ambiguous. The provision for appeal from county court intimated that all civil cases and juvenile proceedings were not necessarily of the same class. It authorized appeal in juvenile proceedings in the same manner as provided by law in civil cases. See Laws 1971, LB 670, § 1 (former § 43-202, R. R. S. 1943). Incorporation of the civil code of the District Court into procedure of the county court was limited to provisions that by their nature were applicable. See former § 27-1801, R. R. S. 1943.

In reaching our conclusion, we consider all legal and factual circumstances. Emphasis is placed upon the following: (1) The objective of juvenile proceedings ideally is therapeutic in character. (2) References to use of the civil code of the District Court in juvenile proceedings in county court permitted flexibility of ap-

plication. (3) Belding was adjudicated a delinquent on his admission and without production of evidence. (4) No verbatim record of the proceeding was made. (5) He might reasonably but erroneously believe that he had entered the school grounds without consent of the school board. The probability of dismissal of the delinquency petition on a new trial existed.

We decide that the provision relating to judgment on confession was not applicable and that the 1-year limitation for filing of motions for new trial on the ground of newly discovered evidence was not controlling in the juvenile proceeding in county court. Passage of time and absence of affidavits in support of the motion were, however, material circumstances. Belding exercised reasonable diligence.

The county court erred in overruling the motion of Belding for a new trial on the ground of newly discovered evidence. The District Court erred in dismissing the appeal from the county court.

The judgment of the District Court is reversed and the cause remanded with directions to remand the cause to the county court of Gage County with directions to vacate the adjudication of delinquency and all dispositive orders based on the adjudication, and to grant Belding a new trial.

REVERSED AND REMANDED WITH DIRECTIONS.