FLAVIAN VEIK, APPELLEE, V. THE TILDEN BANK, APELLANT.

265 N. W. 2d 214

Filed April 26, 1978. No. 41456.

Brogan & Stafford, for appellant.

James G. Egley of Moyer, Moyer & Egley, for appellee.

Heard before SPENCER, BOSLAUGH, and WHITE, JJ., RIST and KELLY, District Judges.

RIST, District Judge.

This is an action for breach of contract wherein plaintiff, Veik, alleged a contract for the purchase by plaintiff of a repossessed truck tractor from defendant, Bank, for the sum of $6,800 and that the defendant refused to complete the sale according to the contract. Defendant denied there was a contract and alleges in the alternative that plaintiff failed to tender the consideration for the truck tractor by a date certain, thereby failing to meet his obligation under the agreement and understanding of the parties. The case was tried to a jury resulting in a verdict of $4,200 for the plaintiff for which judgment was entered. Defendant perfected its appeal to this court.

The evidence reflects that plaintiff made an offer of $6,800 to the defendant for the truck tractor and requested defendant to extend him credit for the purchase. Plaintiff, on May 16, 1975, received a letter dated May 15, 1975, from Keith Redinbaugh, executive vice president of defendant, in which the defendant refused plaintiff's offer saying: "Your offer was presented to the Board of Directors of the Tilden Bank and not accepted, under your terms. They will accept $6800.00 cash but do not wish to extend credit at this time for the purchase of the tractor. Thank you for expressing your interest and a Cash

offer will be considered." The letter contained an earlier reference to "the diesel truck tractor." The record reflects an earlier telephone conversation between plaintiff and Redinbaugh in which the particular truck tractor involved was more specifically identified.

Plaintiff testified that following receipt of the above letter he spoke to Redinbaugh by telephone on May 19, 1975, advising him he had obtained a loan elsewhere for the $6,800 but that it would be Wednesday or Thursday (May 21 or May 22) before he would receive the money. He further testified that Redinbaugh said this was acceptable and that he could have the title when he brought the check for the funds to the Bank and that he, Redinbaugh, would see him Wednesday or Thursday.

Redinbaugh testified that he wrote the letter to plaintiff referred to above, and that he had talked with plaintiff on the telephone on May 19, 1975. With respect to that conversation, he testified that plaintiff said he would get the money and that he, Redinbaugh, understood plaintiff would be at the Bank by May 20, 1975; and that he advised plaintiff to bring a cashier's check payable to defendant when he came.

Plaintiff further testified that on May 22, 1975, he went to defendant Bank with a bank money order payable to defendant in the amount of $6,800 and tendered it to an employee of the Bank who, after making a telephone call, advised plaintiff he would have to go to Norfolk, Nebraska, to see Mr. Doyle Busskohl, chairman of the board of directors of defendant, and returned the money order to plaintiff; that plaintiff on that date went to see Mr. Busskohl and tendered the check to him for the truck tractor; and that the latter refused the tender, saying that the defendant would not accept that amount for the truck tractor, it being worth more money.

Defendant assigns as error the court's failure to direct a verdict on the ground that the alleged con-

tract violates the statute of frauds. Section 2-201, U. C. C., provides in part that: "Except as otherwise provided * * * a contract for the sale of goods for the price of five hundred dollars or more is not enforceable by way of action * * * unless there is some writing sufficient to indicate that a contract for sale has been made between the parties and signed by the party against whom enforcement is sought or by his authorized agent * * *. A writing is not insufficient because it omits * * * a term agreed upon but * * * is not enforceable * * * beyond the quantity of goods shown in such writing."

We conclude the Redinbaugh letter of May 15, 1975, which was not disputed by either party, is a sufficient writing to come within the exception of the above statute. The comment to the above section of the code is approved, namely that: "The required writing need not contain all the material terms of the contract * * *. All that is required is that the writing afford a basis for believing that the offered oral evidence rests on a real transaction. * * * Only three definite and invariable requirements as to the memorandum are made by this subsection. First, it must evidence a contract for the sale of goods; second, it must be 'signed', a word which includes any authentication which identifies the party to be charged; and third, it must specify a quantity." The letter clearly meets all these qualifications, therefore the fact that additional terms need be shown by parol evidence does not bring the contract within the bar of the statute.

Defendant contends that it was entitled to have the issue of whether the alleged contract violated the statute of frauds submitted to the jury. This contention is incorrect. Having held the undisputed evidence of the letter of May 15, 1975, was sufficient to remove the bar of the statute, we note the well-established rule that if evidence upon an issue is undisputed, the question is one for decision by the

court as a matter of law. Wylie v. Czapla, 168 Neb. 646, 97 N. W. 2d 255. The trial court was correct in not submitting this issue to the jury.

Defendant assigns as error the failure of the trial court to properly instruct the jury on the essential elements of the contract. We have examined the instructions in light of the evidence presented and find the trial court's instructions were correct as to the elements involved in this case. Defendant's proposed instructions would add nothing and in some cases were inappropriate. Specifically, we note defendant's requested instruction No. 6, relative to the necessity of a certificate of title to transfer ownership, is irrelevant to the issue of whether there was a contract between the parties. There is no title issue raised in the evidence. Defendant's requested instruction No. 5, relative to the statute of frauds, has been previously considered in this opinion.

Defendant argues that the court's instruction No. 10 was tantamount to directing a verdict against defendant, and that certain language inserted in handwriting in the instruction may not have been read to the jury. The instruction in its entirety was: "In arriving at your verdict you should not allow any interest, should you find for the plaintiff, since the Court will determine the amount of interest, if any, to which the parties may be entitled." The words "should you find for the plaintiff" were inserted in handwriting. We disagree that the instruction was adverse to the defendant. Additionally, we note in the bill of exceptions the court's statement that the insertion was read to the jury as a part of the instruction and this was not challenged by defendant. There was no error with respect to this instruction.

Defendant contends there was no offer of sale and that the Redinbaugh letter cannot be so considered. We find that this was a question for the jury and there was evidence sufficient to sustain a finding of an offer. Likewise the issues of whether there was

an acceptance and a timely tender of the purchase price by plaintiff were for the jury and there was sufficient evidence to sustain an affirmative determination of these issues.

Defendant assigns the following as errors during trial: (1) The court's questioning of the witness Redinbaugh, (2) errors in admission and in refusal of admission of exhibits, (3) permitting plaintiff to withdraw his rest and offer additional evidence, and (4) refusal to grant the defendant a continuance.

With respect to the court's questioning of the witness, such power is given the trial judge under section 27-614 (2), R. R. S. 1943, of the Nebraska Evidence Rules, and the party's right to object thereto is preserved in subsection (3) of the same section. An examination of the questioning does not indicate any impropriety, nor was it extensive. No objection thereto was made by defendant at the times provided by the rule. Defendant's characterization of the questioning as vengeful is an overstatement and not sustained by the record. There was no error in the questioning.

With respect to the admission of plaintiff's exhibit 4, being a copy of the bank money order plaintiff testified he tendered to defendant's officers, defendant's objection was limited to competency, relevancy, and materiality, and specifically waived objection because it was a copy. The trial court properly overruled this objection.

With respect to the refusal of the admission of defendant's exhibit 8, being a repair bill for the truck tractor, we note first the exhibit was never offered and, further, that the contents of the bill were in fact testified to as well as the purpose of the repairs. We doubt the relevancy of the evidence, but in any event there was no error.

With respect to the withdrawal of plaintiff's rest and the refusal of defendant's request for continuance, the same occurred during the instruction con-

ference and involved the reading of interrogatories to defendant and answers thereto concerning the telephone conversation between Redinbaugh and plaintiff as to the date by which the latter was to tender the payment for the truck, the Bank answering it was May 21, not May 22, 1975. It is clear the court has the discretion to permit a party to withdraw his rest. Johnson v. City of Lincoln, 174 Neb. 837, 120 N. W. 2d 297. In this case there was no abuse of that discretion. The additional evidence permitted was limited and defendant was given an opportunity to rebut or explain the same. Likewise the refusal to grant defendant a continuance after plaintiff's rest was withdrawn is not demonstrated to be prejudicial, defendant's objections being in general terms and stating no basis in fact as to how prejudice would arise if the continuance was not granted. The motion for continuance is addressed to the court's discretion and will stand unless an abuse of discretion is shown. Elm Creek State Bank v. Department of Banking, 191 Neb. 584, 216 N. W. 2d 883. No such abuse is shown.

Finally, defendant complains of the court's instruction No. 12 respecting expert witnesses, asserting it is in the plural when only one "expert" was involved, and in any event the witness did not qualify as an expert. A review of the evidence shows a sufficient foundation to permit an opinion as an expert to the value of the truck tractor. The jury was properly instructed as to how such testimony was to be considered. The use of the word "experts" is an error of no consequence and cannot be said to have misled the jury.

We have examined the record in its entirety, find no prejudicial error, and determine that the verdict is not excessive under the circumstances. The judgment of the trial court is affirmed.

AFFIRMED.