IN RE INTEREST OF TREMAYNE AND TERRELL CAMPBELL AND ALLEN REED, CHILDREN UNDER 18 YEARS OF AGE. STATE OF NEBRASKA, APPELLEE, V. ELLA LOUISE CAMPBELL, APPELLANT.

303 N.W.2d 513

Filed March 20, 1981. No. 43479.

Spencer W. Dillon for appellant.

Donald L. Knowles, Douglas County Attorney, and Francis T. Belsky for appellee.

Heard before KRIVOSHA, C.J., BOSLAUGH, McCOWN, CLINTON, BRODKEY, WHITE, and HASTINGS, JJ.

BOSLAUGH, J.

This is an appeal from an order of the separate juvenile court of Douglas County, Nebraska, terminating the parental rights of Ella Louise Campbell in Tremayne Campbell, born November 21, 1971; Terrell Campbell, born November 12, 1972; and Allen Reed, born April 22, 1975.

A petition alleging that the children were without proper support and care and that the defendant, Mrs. Campbell, was unable to provide support, care, and supervision was filed on July 25, 1979. On August 10, 1979, the juvenile court placed the children in foster care. An adjudication hearing was held on December 4, 1979, and parental rights were terminated on February 19, 1980. The defendant was present at the hearings and was represented by counsel. The children were represented by a guardian ad litem. Only the defendant has appealed.

Proceedings involving the termination of parental rights are reviewed de novo in this court. Parental rights may be terminated where the record shows the parents have continuously and repeatedly neglected the children, have refused to give the children necessary parental care and protection, and such action is in the best interests of the children. *In re Interest of Moen,* *ante* p. 337, 303 N.W.2d 303 (1981).

The evidence shows that the defendant is now 25 years of age. She suffers from paranoid schizophrenia characterized by auditory and visual hallucinations for which she has been hospitalized on occasion. She also suffers from "blackouts" which are unrelated to her paranoid schizophrenia. She has a history of drug abuse but refused to cooperate when her physician sought to determine the presence of drugs. A psychiatrist testified that she had been uncooperative with any level of treatment and he refused to express an opinion as to whether she could properly care for her children if she received treatment for schizophrenia.

The children suffered from poor hygiene and were not properly fed or clothed. They frequently suffered from colds, were physically dirty and unkempt, exuded body odors, and often smelled of urine. The youngest child frequented the residence of a neighbor who stated that the child was often hungry and dirty. Mrs. Campbell was absent from the home for extended periods, leaving the children totally unsupervised. She and the children moved frequently, causing the children to be absent from school most of the time.

The record shows by clear and convincing evidence that the children suffered from a lack of parental care, support, and supervision and the defendant was unable to provide proper care, support, and supervision for them. The order terminating the parental rights of the defendant is affirmed.

AFFIRMED.