IN RE INTEREST OF JOSHUA AND PINE TERACE MOEN, CHILDREN UNDER 18 YEARS OF AGE.
STATE OF NEBRASKA, APPELLEE, V.
TIMOTHY MOEN ET AL., APPELLANTS, AND
DOROTHY MOEN, APPELLEE.

303 N.W.2d 303

Filed March 20, 1981.   No. 43124.

Richard J. Gilloon of Cullan, Cullan & Morrison for appellants.

Donald L. Knowles, Douglas County Attorney, and Francis T. Belsky for appellee.

Heard before KRIVOSHA, C.J., BOSLAUGH, MCCOWN, BRODKEY, WHITE, and HASTINGS, JJ., and MORAN, District Judge.

MORAN, District Judge.

This is an appeal by Timothy Moen, father of Joshua and Pine Terace, from an order of the separate juvenile court of Douglas County terminating parental rights. The mother, Dorothy Moen, has not appealed.

Errors assigned are that the order is not supported by clear and convincing evidence and not in the best interests of the children. We affirm.

At the adjudicative hearing on June 1, 1977, the children were determined to be within the provisions of Neb. Rev. Stat. § 43-202(1) (Reissue 1978). Timothy Moen was then in jail, charged with assault and battery upon Joshua. At the dispositional hearing on July 27, 1977, the court considered psychiatric and psychological evaluations and ordered the parents to participate in counseling and therapy sessions at specific times. Throughout the period of court involvement, however, both parents failed to keep many of the counseling and therapy appointments scheduled by court order.

Review hearings were held on September 19, 1977, March 13, 1978, September 18, 1978, and January 2, 1979. Only the March 13, 1978, hearing disclosed any basis for a belief that the situation was improving. At that time Timothy Moen had been with his family for approximately 6 months after completing his sentence on September 27, 1977. However, within 10 days following the March 13, 1978, hearing, the children were removed from the home by Child Protective Services after Timothy allegedly assaulted Dorothy and refused to permit Dorothy to leave the family home with the children. The children have not been in the custody of either parent since.

At the review hearing on January 2, 1979, the court ordered the parents to obtain suitable housing and

furniture for themselves and the children, secure full-time employment or become involved in a job training program, become involved in a parenting education program on a regular basis, and undergo complete psychiatric evaluation and treatment. They were also ordered to resolve their marital situation by divorce or regular marriage counseling. Timothy Moen was ordered to pay $100 for the support of the children, commencing February 1, 1979.

On June 8, 1979, a motion to terminate parental rights was filed. The hearing, set for August 14, 1979, was continued at the request of Timothy's attorney. It was held on October 24, 1979, immediately after a decree was entered dissolving the marriage of the parents. Timothy Moen appeared by counsel but made no evidentiary showing of any kind. After finding that the children were "within Section 43-209(6) R.S. Nebraska Supp., 1978" and that reasonable efforts under the direction of the court had "failed to correct the conditions leading to the determination previously made in this matter," and that it was in the best interests of the children that the parental rights of the parents be terminated, the court terminated the parental rights.

Timothy Moen left Omaha on September 4, 1978, for California after having enlisted in the armed forces. He has never returned, and he has paid nothing for the support of his wife or children since then. He was discharged from the service in December 1978. He then began living with his mother in Yakima, Washington. In March 1979 he was sentenced to an extended term of imprisonment in Washington for offenses apparently committed before these proceedings began. At all hearings in these proceedings he was present or appeared by his attorney who participated in them on his behalf.

The rules applicable to review of parental rights termination cases in this court are: Trial de novo upon the record; giving findings of fact by the trial court great

weight because it heard and observed the witnesses; affirming those findings unless they are against the weight of the evidence or there is a clear abuse of discretion; and requiring proof by clear and convincing evidence. *State v. Duran*, 204 Neb. 546, 283 N.W.2d 382 (1979); *State v. Souza-Spittler*, 204 Neb. 503, 283 N.W.2d 48 (1979).

Applying these rules, we adopt the findings of the juvenile court as our own and determine from the record as a whole that it is in the best interests of the children that parental rights be terminated.

The primary thrust of Timothy Moen's argument is that he was unable to comply with the order of January 2, 1979, while he was incarcerated. That is at least partially true. However, it is because he voluntarily left the state in September of 1978 that it became impossible for him to comply with the court orders which were designed to correct the situation. This amounted to a substantial abandonment of the children. He is in no position now to take advantage of a condition he brought about by himself.

AFFIRMED.

KRIVOSHA, C.J., concurs in result.