IN RE INTEREST OF JEFF AUFENKAMP, A CHILD UNDER 18 YEARS OF AGE.
STATE OF NEBRASKA, APPELLEE, V. JEFF AUFENKAMP, APPELLANT.

333 N.W.2d 681

Filed May 6, 1983. No. 82-525.

Don J. Sixta of Krafta & Sixta, P.C., for appellant.

Dean Skokan, Dodge County Attorney, and Patrick W. Meyer, for appellee.

KRIVOSHA, C.J., BOSLAUGH, McCOWN, WHITE, HASTINGS, CAPORALE, and SHANAHAN, JJ.

BOSLAUGH, J.

This is an appeal in a juvenile proceeding. The juvenile, Jeff Aufenkamp, appeals from an order of the District Court affirming the June 2, 1982, order of the county court finding that the appellant was a juvenile as described in Neb. Rev. Stat. § 43-202(3) (Reissue 1978), and the June 22, 1982, order directing that the appellant be placed in the Youth Development Center at Geneva, Nebraska, for an evaluation preliminary to a dispositional hearing in the juvenile court. Section 43-202(3) (now repealed) related to juveniles charged with violating state laws.

The order of June 2, 1982, was an adjudication order which determined that the appellant was a juvenile as described in § 43-202(3) and was appealable. See, *Ripley v. Godden*, 158 Neb. 246, 63 N.W.2d 151 (1954); *Krell v. Sanders*, 168 Neb. 458, 96 N.W.2d 218 (1959); *State v. Loomis*, 195 Neb. 552, 239 N.W.2d 266 (1976). The order was final so far as adjudication is concerned and all that remained for the juvenile court to do was determine what disposition should be made of the appellant. Such an order is appealable.

In order to appeal from an order of the county court, a notice of appeal must be filed within 30 days from the rendition of the judgment. Neb. Rev. Stat. § 24-541.02 (Cum. Supp. 1982). Although the appellant failed to file a notice of appeal to the District Court within the 30-day period required by the statute, a notice of appeal was filed on June 23, 1982, by the parents of the appellant. For the purposes of this case we consider the notice of appeal filed by the parents to have been filed on behalf of the appellant and sufficient to vest jurisdiction of the matter in the District Court.

The petition alleged that the appellant was guilty of disturbing the peace and assaulting Annette

McKlem, Dawn Hagmann, and Laura Groene on April 8, 1982. The record shows that on the date alleged the appellant and his girl friend, Toni LeCrone, went to the Galaxy Arcade in Fremont, Nebraska. Toni got involved in a heated verbal exchange with Annette McKlem in the lot outside the arcade. Aufenkamp became involved in the fight and shoved Annette against the wall. She hit the wall, slid to the ground, and sustained bruises. Annette and her friend, Laura Groene, then entered the arcade to make a phone call. The defendant and his girl friend followed them inside. The cashier at the arcade, Dawn Hagmann, requested that the appellant leave, as he and the three girls were arguing. He refused to leave and began to call the cashier vulgar names. The cashier slapped him and he then struck her and pushed her into a video machine, the impact raising a bump on her head. The cashier inquired as to the defendant's name and it was given to her by Laura Groene. The cashier then went to the office to call the police.

The appellant then pushed Laura backward and her head struck a stereo machine. Laura fell to the floor and passed out. The police, who had been summoned by the cashier, arrived, but Aufenkamp had left the premises by that time.

The standard of review of a juvenile proceeding in this court is de novo upon the record. The findings of fact made by the juvenile court will be accorded great weight because it heard and observed the witnesses. Those findings will be affirmed unless they are against the weight of the evidence or there is clear abuse of discretion. *In re Interest of Moen*, 208 Neb. 337, 303 N.W.2d 303 (1981); *In re Interest of Campbell*, 208 Neb. 374, 303 N.W.2d 513 (1981).

Although the evidence was in conflict and the appellant and his witnesses contradicted the testimony of the witnesses called by the county attorney, we find the evidence supports a finding beyond a reasonable doubt that the appellant was guilty of dis-

turbing the peace and assaulting Annette McKlem, Dawn Hagmann, and Laura Groene.

The appellant contends that the record failed to establish that he was a "child under 18 years of age." At the beginning of a hearing held on April 28, 1982, the trial court announced that the appellant had indicated his date of birth was November 19, 1965. No objection was made at that time or at the beginning of the adjudication hearing. After the State had rested at the adjudication hearing, the appellant moved to dismiss because there had been no proof of his age. The county attorney was then allowed to withdraw his rest. The parents were called as witnesses and testified that the appellant was under 18 years of age and his birth date was November 19, 1965. It is within the sound discretion of the trial court whether a party may be permitted to withdraw its rest. *Veik v. The Tilden Bank*, 200 Neb. 705, 265 N.W.2d 214 (1978). See, also, *In re Members*, 74 Ill. App. 3d 575, 393 N.E.2d 521 (1979); *In Matter of D.V.*, 100 Wis. 2d 363, 365 n.1, 302 N.W.2d 64, 65 n.1 (1981). The assignment of error has no merit.

The appellant also claims that he was denied a fair trial because of a number of evidentiary rulings made by the trial court. The assignment of error is without merit for a number of reasons.

The applicable rule was stated in *State ex rel. Weiner v. Hans*, 174 Neb. 612, 616, 119 N.W.2d 72, 75 (1963), as follows: "The hearing before the juvenile court in this case was a trial to the court. The admission of immaterial or irrelevant evidence in a trial to the court is not reversible error. Laurie v. State, *supra*. The review in this court is by trial de novo, and evidence which should not have been admitted by the trial court will be disregarded by this court in arriving at its decision. Krell v. Sanders, 168 Neb. 458, 96 N.W.2d 218."

The appellant's last assignment of error is directed at the predisposition order of June 22, 1982. Such orders are interlocutory in nature and not ap-

pealable. See *Kaba v. Fox*, 213 Neb. 656, 330 N.W.2d 749 (1983).

The juvenile court has broad discretion as to the disposition of a child found to be delinquent. Neb. Rev. Stat. § 43-210(2) (Reissue 1978) authorizes the court to commit the child described in § 43-202(3) to the Youth Development Center. It is within the jurisdiction and discretion of the juvenile court to order a juvenile who is eligible for commitment to the Youth Development Center to be placed in the Youth Development Center temporarily for the purpose of evaluation preliminary to a dispositional hearing.

The appellant has been expelled from school, has been arrested for possession of a firearm, and for being a minor in possession of alcohol. Although the offenses charged in the petition in this case were misdemeanors, the evidence shows that all three of the girls assaulted sustained some injury in the assaults. The offenses charged were of a violent nature. The appellant has demonstrated a tendency toward violence and a disregard for the law. It is important for his future and the protection of society that a disposition be made in this case that is appropriate under the facts and circumstances. An evaluation by personnel trained and experienced in the handling of such cases may well be of benefit to the court in determining what disposition should be made of the appellant.

The judgment of the District Court is affirmed.

AFFIRMED.