IN RE INTEREST OF J.M.S., A CHILD UNDER 18 YEARS OF AGE. STATE OF NEBRASKA, APPELLEE, V. J.M.S., APPELLEE. M.R.S. AND M.S., PARENTS OF J.M.S., APPELLANTS. IN RE INTEREST OF C.B., A CHILD UNDER 18 YEARS OF AGE. STATE OF NEBRASKA, APPELLEE, V. C.B., APPELLEE. L.B. AND D.B., PARENTS OF C.B., APPELLANTS.

352 N.W.2d 186

Filed July 20, 1984.   Nos. 83-887, 83-888.

Richard L. Kuhlman, for appellants.

Larry J. Karel, Colfax County Attorney, and Richard T. Seckman, for appellee State of Nebraska.

KRIVOSHA, C.J., BOSLAUGH, WHITE, HASTINGS, SHANAHAN, and GRANT, JJ., and COLWELL, D.J., Retired.

BOSLAUGH, J.

These cases were commenced by the filing of complaints in the county court charging each of the juveniles with procuring alcoholic liquor for a minor. Upon the motion of each juvenile the cases were transferred to the juvenile court.

At the adjudication hearings held on July 22, 1983, each juvenile admitted the facts stated in the complaints and was adjudicated to be a child as described in Neb. Rev. Stat. § 43-247(1) (Cum. Supp. 1982). Disposition hearings were set for September 2, 1983.

At the disposition hearings the county court determined that each juvenile should be placed in the Youth Development Center at Geneva, Nebraska, for not to exceed 30 days for the purposes of study and evaluation as provided in Neb. Rev. Stat. § 43-281 (Cum. Supp. 1982). Each of the juveniles then filed a notice of appeal to the district court.

The district court found that the orders of the juvenile court placing the juveniles in the Youth Development Center were not final orders and remanded each case to the county court. The district court, however, stayed the orders of the county court pending the appeals to this court and ordered the juveniles be returned to their parents.

The cases were consolidated for argument in this court. The issue involved in each case is whether an order of the county court, placing a juvenile in the Youth Development Center for evaluation, is a final order from which an appeal can be taken to the district court.

Section 43-281 provides: "Following an adjudication of jurisdiction and prior to final disposition, the court may place the juvenile in any facility or institution for evaluation under the control of the State of Nebraska, except an adult penal institution as provided in section 43-258."

The same issue was involved in *In re Interest of Aufenkamp*, 214 Neb. 297, 300, 333 N.W.2d 681, 684 (1983). There we said:

> The appellant's last assignment of error is directed at the predisposition order of June 22, 1982. *Such orders are interlocutory in nature and not appealable.* See *Kaba v. Fox*, 213 Neb. 656, 330 N.W.2d 749 (1983).
>
> The juvenile court has broad discretion as to the disposition of a child found to be delinquent. Neb. Rev. Stat. § 43-210(2) (Reissue 1978) authorizes the court to commit the child described in § 43-202(3) to the Youth Development Center. It is within the jurisdiction and discretion of the juvenile court to order a juvenile who is eligible for commitment to the Youth Development Center to be placed in the Youth Development Center temporarily for the purpose of evaluation preliminary to a dispositional hearing.

(Emphasis supplied.)

The appellants rely upon the rule, originally stated in *State v. Belding*, 190 Neb. 646, 211 N.W.2d 715 (1973), that every dispositive order that rests upon an adjudication of delinquency is a final order for the purposes of appeal. The rule has no application here because the order placing the juveniles in the Youth Development Center for evaluation was predispositional, interlocutory in nature, and not a final order for the purposes of appeal.

As we stated in the *Aufenkamp* case, it is important that an appropriate order be made in a juvenile proceeding, and an evaluation by trained and experienced personnel may well be of benefit to the court in determining what dispositional orders should be made.

The offenses involved in the cases now before us consisted of supplying a case of beer to four other juveniles, 12 to 13 years of age. This was accomplished by arranging for a third person to purchase the beer with money supplied by the four younger persons. The two juveniles now before the court, who were then 16 and 17 years of age, delivered the beer to the younger children. They have refused to disclose the name of the person who made the purchase at their request.

The finding of the district court that the orders were not ap-

pealable was correct. The proper order should have been a dismissal of the appeals. The judgments are so modified and, as modified, are affirmed.

AFFIRMED AS MODIFIED.

KRIVOSHA, C.J., concurs in the result.