REQUESTED BY: Jon R. Hill, Director, Office of Juvenile Services
You have inquired about the authority of state juvenile courts to issue specific orders that affect the Office of Juvenile Services (OJS). First, you ask whether a court, in ordering an evaluation of a juvenile under its jurisdiction, has the authority to determine where, and by whom, the evaluation will be conducted. Second, you have inquired whether a court has the authority to place a juvenile in a designated OJS facility.
We are of the opinion that the statutory scheme, as it currently exists, does permit a court to issue specific orders pertaining to evaluations and placements of juveniles. With respect to evaluations, a court may designate the facility where such an evaluation may occur, as well as the scope of any evaluation. We are also of the opinion that a court is authorized to commit juveniles to a designated facility operated by OJS.
A. Evaluations.
Neb. Rev. Stat. § 43-258 (1993) authorizes a court, pending adjudication of a case, to
 (1) . . . order the juvenile examined by a physician, surgeon, psychiatrist, duly authorized community mental health service program, or psychologist to aid the court
. . .
 (2) . . . the court may order such juvenile to be placed in one of the facilities or institutions of the State of Nebraska. Such juvenile shall not be placed in an adult penal institution, either of the youth development centers, or the Nebraska Center for Children and Youth, except as provided in section 43-913. Any placement for evaluation may be made on an inpatient or outpatient basis for a period not to exceed thirty days. The head of any facility or institution shall make a complete evaluation of the juvenile, including any authorized area of inquiry requested by the court.
See also, Neb. Rev. Stat. 43-254 (4) (1994).
Neb. Rev. Stat. § 43-281 (1993) further provides:
 Following an adjudication of jurisdiction and prior to final disposition, the court may place the juvenile in any facility or institution for evaluation under the control of the State of Nebraska, except an adult penal institution as provided in section 43-258.
Neb. Rev. Stat. § 83-469 (1994) states in pertinent part:
 Prior to a commitment to the youth development center, the court shall require an evaluation pursuant to section 43-258 or 43-281. If the judge finds that the juvenile should be committed to the Youth Rehabilitation and Treatment Center-Kearney or the Youth Rehabilitation and Treatment Center-Geneva, then the judge shall issue a warrant of commitment.
Neb. Rev. Stat. § 83-4,101(2) (1994) states that:
 (2) The juvenile court may, without formal commitment, refer any juvenile found in need thereof to the Youth Diagnostic and Rehabilitation Center for detention for purposes of observation, testing, and examination, both mental and physical.
Neb. Rev. Stat. 83-4,102 (1994) also indicates that:
 Each boy or girl at the Youth Diagnostic and Rehabilitation Center, whether committed or referred, shall be subjected to such observation, testing, and examination as shall be necessary to ascertain the reasons for his antisocial attitudes and conduct and to indicate a program designed to be followed in order to accomplish his rehabilitation and permit his return to society free of his anti-social attitudes and conduct. . .
The foregoing statutes clearly indicate that a court may commit a juvenile to a particular state facility for purposes of an evaluation. Although a court may not have authority to designate a specific individual to conduct an evaluation, the statutes do provide that the court may order that an evaluation be conducted by persons with specific professional qualifications.
B. Commitments.
Neb. Rev. Stat. § 83-465 (1994) provides that when a juvenile has been found guilty of any crime, except murder or manslaughter,
 [T]he court may order that the juvenile be committed to the Youth Rehabilitation and Treatment Center-Kearney or the Youth Rehabilitation and Treatment Center-Geneva. Prior to such commitment, the court shall require an evaluation pursuant to section 43-258
or 43-281. A copy of the order under the seal of the court shall be sufficient warrant for delivering the juvenile to the center and committing him or her to the custody of the superintendent.
Neb. Rev. Stat. § 83-470 (1994), in relevant part, states:
 The judge shall . . . command the officer to take and deliver the juvenile without delay to the superintendent of the Youth Rehabilitation and Treatment Center-Kearney or the Youth Rehabilitation and Treatment Center-Geneva.
Neb. Rev. Stat. § 83-472 (Cum Supp. 1996) further provides:
 Every juvenile committed to the Youth Rehabilitation and Treatment Center-Kearney or Youth Rehabilitation and Treatment Center-Geneva or other placement of the Office of Juvenile Services under sections 83-465 to 83-470 pursuant to the Nebraska Juvenile Code or subsection (3) of section 29-2204 shall remain there until he or she attains the age of nineteen unless sooner paroled or legally discharged.
 (2) The Office of Juvenile Services shall adopt and promulgate regulations for the promotion, parole, and final discharge of juveniles such as shall be considered mutually beneficial for the Office of Juvenile Services and facilities under its direction and the juveniles.
Neb. Rev. Stat. § 83-4,101 (1994) states that:
 (1) The juvenile court may commit any juvenile to the Youth Diagnostic and Rehabilitation Center upon the same terms and conditions and subject to all provisions of law as govern commitments to the Youth Rehabilitation and Treatment Center-Kearney or the Youth Rehabilitation and Treatment Center-Geneva.
Neb. Rev. Stat. 83-4,104 (1994) additionally provides:
 (1) Any juvenile committed to the Youth Diagnostic and Rehabilitation Center may be released therefrom upon the same terms and conditions and subject to all provisions of law as govern the release of juveniles committed to the Youth Rehabilitation and Treatment Center-Kearney to the Youth Rehabilitation and Treatment Center-Geneva.
 (2) Any juvenile referred to the Youth Diagnostic and rehabilitation Center may be released therefrom upon order of the court by which he or she was referred when the purposes of the referral have been accomplished.
Based upon the foregoing statutes, we are of the opinion that a court may in its commitment order designate the initial placement of a juvenile. However, Neb. Rev. Stat. § 83-142
(Cum. Supp. 1996) contemplates that the juvenile's initial placement may be changed by OJS, "as shall be considered mutually beneficial for the Office of Juvenile Services and facilities under its direction and the juveniles."
As is clearly evident from the foregoing statutory scheme, courts have been given broad latitude in determining the scope of juvenile evaluations and placements. See also, In re Interest ofAufenkamp, 214 Neb. 297, 333 N.W.2d 681 (1983) (the juvenile court has broad discretion as to the disposition of a child found to be delinquent); In re Interest of J.N.S., 218 Neb. 72,352 N.W.2d 186 (1984); In re Interest of A.M.H., 233 Neb. 610,447 N.W.2d 40 (1989).
The meaning of a statute is to be ascertained from the entire language of a statute considered in its plain, ordinary, and popular sense. In re Application of Jantzen, 245 Neb. 81,511 N.W.2d 504 (1994). When the words used in a statute are plain, direct, and unambiguous, no interpretation is necessary or will be indulged in to ascertain their meaning. Rosse v. Rosse,244 Neb. 967, 510 N.W.2d 73 (1994). In considering and applying a statute, it is not within the province of a court or others to read a meaning into a statute that is not warranted by the legislative language or to read anything plain, direct, and unambiguous out of the statute. Gillam v. Firestone Tire Rubber Co., 241 Neb. 414, 489 N.W.2d 289 (1992).
Although the current statutory scheme may not have kept pace with the additional community-based and other resources developed by the Office of Juvenile Services, the plain language of the statutes controls. The statutes do not grant OJS the same degree of discretion in classification and placement of persons committed to its custody, for example, as that granted to the Department of Correctional Services. See, e.g. Neb. Rev. Stat. § 83-176(2) and § 83-178 (3) (1994).
The foregoing statutes are also consistent with other provisions of the Nebraska Juvenile Code. Neb. Rev. Stat. §43-247 (1993), for example, holds that a juvenile court's jurisdiction over any individual adjudged to be within the statute "shall continue until the individual reaches the age of majority or the court otherwise discharges the individual from its jurisdiction." The juvenile courts are required "to consider the developmental needs of the juvenile in all placements. . ." Neb. Rev. Stat. § 43-246(4) (1993). Such courts also have the "power to order a change in the custody or care of such juvenile if at any time it is made to appear to the court that it would be for the best interests of the juvenile to make such a change." Neb. Rev. Stat. § 43-295 (1993).
Sincerely,
 DON STENBERG Attorney General
 Marie C. Pawol Assistant Attorney General
Approved By:
Don Stenberg
Attorney General