IN RE INTEREST OF ANTHONY P.,
A CHILD UNDER 18 YEARS OF AGE.
STATE OF NEBRASKA, APPELLEE,
V. ANTHONY P., APPELLANT.

698 N.W.2d 457

Filed June 14, 2005.    No. A-04-1178.

Dennis R. Keefe, Lancaster County Public Defender, and Matthew G. Graff for appellant.

Gary Lacey, Lancaster County Attorney, Lori A. Maret, Michelle Sayers, and Ross Luzum, Senior Certified Law Student, for appellee.

INBODY, Chief Judge, and SIEVERS and CASSEL, Judges.

SIEVERS, Judge.

After a hearing on August 17, 2004, in the separate juvenile court of Lancaster County, the court found that on March 12, Anthony P. had in his possession a destructive device as defined in Neb. Rev. Stat. § 28-1213(7) (Cum. Supp. 2004) in violation of Neb. Rev. Stat. § 28-1220(1) (Reissue 1995), a Class IV felony. Accordingly, the court adjudicated Anthony to be a child meeting the definition of Neb. Rev. Stat. § 43-247(1) (Reissue 2004).

This appeal presents the question of whether the homemade device which Anthony admittedly constructed is a destructive device under Nebraska statutes.

## FACTUAL BACKGROUND

On March 12, 2004, Officer Jeffrey Hahne of the Lincoln Police Department was dispatched to the 3900 block of North 13th Street to investigate a report by a neighbor of a "big explosion" which was "terribly loud" and had produced a "big cloud of blue smoke." Officer Hahne discovered a grayish mark in a driveway in that block and a pill bottle wrapped in 2-inch wide, clear plastic tape lying in the street. After cutting away some of the tape, Officer Hahne could make out that the bottle originally contained a prescription for Anthony, which prescription, as it turned out, was for his acne medicine. Officer Hahne's investigation revealed that Anthony had access to a number of fireworks left over from the previous Fourth of July, which fireworks his father had purchased in Waverly and would be illegal in Lincoln under its city ordinances. Anthony had used a pencil to punch out the bottom of the artillery shells and emptied the black powder into the pill bottle. He had taped the pill bottle and inserted a fuse from one of the fireworks. On March 12, Anthony had shown the device to at least one friend at school, and while Anthony denied that he lit the device, circumstantial evidence suggests that he did, because there was evidence that he was the only youth in the street at the time the device went off. There was no damage either to person or to property.

## PROCEDURAL BACKGROUND

The Lancaster County Attorney charged Anthony with count I, disturbing the peace and quiet under Neb. Rev. Stat. § 28-1322 (Reissue 1995) and with count II, possession of a device "as

defined by sub[sect]ion (7) of [§] 28-1213, in violation of the provisions of [§] 28-1220(1)." As said, the separate juvenile court of Lancaster County found the allegations of count II true beyond a reasonable doubt. No issue is raised in this appeal concerning count I.

## ASSIGNMENTS OF ERROR

Anthony assigns two errors: (1) The court erred in adjudicating him as a child meeting the definition of § 43-247(1), and (2) the court erred in finding sufficient evidence to conclude that Anthony had committed the offense as alleged in count II.

## STANDARD OF REVIEW

The standard of review for juvenile proceedings involving an adjudication is de novo on the record, although the findings of fact made by the juvenile court will be accorded great weight because it heard and observed the witnesses. See *In re Interest of Aufenkamp*, 214 Neb. 297, 333 N.W.2d 681 (1983). However, in the instant case, there are no disputed facts of consequence. When reviewing a question of law, an appellate court reaches a conclusion independent of the lower court's ruling. *State v. Bachelor*, 6 Neb. App. 426, 575 N.W.2d 625 (1998).

## ANALYSIS

Any person who has in his possession a destructive device as defined in § 28-1213(7) commits the offense of possession of a destructive device, a Class IV felony. § 28-1220. Section 28-1213(7) provides:

(a) Destructive devices shall mean:

(i) Any explosive, incendiary, chemical or biological poison, or poison gas (A) bomb, (B) grenade, (C) rocket having a propellant charge of more than four ounces, (D) missile having an explosive or incendiary charge of more than one-quarter ounce, (E) mine, (F) booby trap, (G) Molotov cocktail, (H) bottle bomb, (I) vessel or container intentionally caused to rupture or mechanically explode by expanding pressure from any gas, acid, dry ice, or other chemical mixture, or (J) any similar device, the primary or common purpose of which is to explode and to be used as a weapon against any person or property; or

(ii) Any combination of parts either designed or intended for use in converting any device into a destructive device as defined in subdivision (7)(a)(i) of this section from which a destructive device may be readily assembled.

(b) The term destructive device shall not include (i) any device which is neither designed nor redesigned for use as a weapon to be used against person or property, (ii) any device, although originally designed for use as a weapon, which is redesigned for use as a signaling, pyrotechnic, line-throwing, safety, or similar device, (iii) surplus ordnance sold, loaned, or given by the Secretary of the Army pursuant to 10 U.S.C. 4684(2), 4685, or 4686, as such sections existed on July 20, 2002, (iv) any other device which the Nebraska State Patrol finds is not likely to be used as a weapon or is an antique, or (v) any other device possessed under circumstances negating an intent that the device be used as a weapon against any person or property.

Penal statutes are to be strictly construed against the government and are to be given a sensible construction in the context of the object sought to be accomplished, the evils and mischiefs sought to be remedied, and the purpose sought to be served. *State v. Banes*, 268 Neb. 805, 688 N.W.2d 594 (2004). In the absence of anything to the contrary, statutory language is to be given its plain and ordinary meaning; an appellate court will not resort to interpretation to ascertain the meaning of statutory words which are plain, direct, and unambiguous. *Green Tree Fin. Servicing v. Sutton*, 264 Neb. 533, 650 N.W.2d 228 (2002). No person shall be punished for an offense which is not made penal by the plain import of the words, upon pretense that he has offended against the spirit of the written law. *State v. Douglas*, 222 Neb. 833, 388 N.W.2d 801 (1986).

With these principals in mind, we return to the relevant statutory provisions and note that § 28-1213(7)(a)(i) defines a number of specific destructive devices, such as bombs, grenades, rockets, Molotov cocktails, bottle bombs, or "any similar device, the primary or common purpose of which is to explode and to be used as a weapon against any person or property." However, § 28-1213(7)(b) contains an over-arching qualification on the statute by providing that "[t]he term destructive device shall not

include (i) any device which is neither designed nor redesigned for use as a weapon to be used against person or property."

Therefore, under the plain language of the statute, even if the pill bottle filled with the powder from fireworks and then taped and equipped with a fuse is considered one of the enumerated devices in § 28-1213(7)(a)(i), such pill bottle is not a destructive device if it was neither designed nor redesigned for use as a weapon to be used against person or property. Stated otherwise, it is clear that the intent with which a device—in this case the pill bottle—was designed is crucial, because in order for there to be a crime, it must have been designed for use as a weapon to be used against person or property. See *State v. Casados*, 193 Neb. 28, 225 N.W.2d 267 (1975) (in prosecution for possession of combination of parts intended to be converted into destructive device, jury should have been instructed that intent is material element and that it was necessary for State to prove beyond reasonable doubt that defendant intended to convert various items found in his possession into destructive device).

In the instant case, Anthony did not testify, nor did any other witness recount anything Anthony said which shows his intent in configuring the pill bottle as he did by using explosive powder from fireworks. This leaves us with the rule that the intent with which an act is done is a mental process and, as such, generally remains hidden within the mind where it is conceived and is rarely if ever susceptible of proof by direct evidence, but may be inferred or gathered from the outward manifestations— by the words or acts of the party and the facts or circumstances surrounding the crime. See *State v. McDaniels*, 145 Neb. 261, 16 N.W.2d 164 (1944).

While a number of Nebraska statutes discuss and criminalize the possession or use of certain weapons, no statute is really on point for this case. For example, Neb. Rev. Stat. § 28-1202 (Reissue 1995) criminalizes the carrying of a "weapon or weapons concealed on or about [one's] person such as a revolver, pistol, bowie knife, dirk or knife with a dirk blade attachment, brass or iron knuckles, or any other deadly weapon." Neb. Rev. Stat. § 28-109 (Cum. Supp. 2004) defines a deadly weapon as "any firearm, knife, bludgeon, or other device, instrument, material, or substance . . . which in the manner it is used or intended to be

used is capable of producing death or serious bodily injury." The common meaning of the word "weapon" from Black's Law Dictionary 1587 (7th ed. 1999) is "[a]n instrument used or designed to be used to injure or kill someone."

We have no doubt that the taped pill bottle containing both explosive powder and a fuse from fireworks is susceptible of being a weapon. Thus, we return to the matter of Anthony's intent. The issue is simply whether the State proved beyond a reasonable doubt that the pill bottle was designed for use as a weapon to be used against person or property. This is a conjunctive test. First, the item must be designed as a weapon and, second, to be used against person or property. Anthony's pill bottle, as he redesigned it, could indeed be a weapon. However, there is no evidence that it was designed or redesigned to be used against a person or property. This conclusion comes from the absence of any affirmative evidence of his intent and the inferences which can be drawn from his conduct. He made no threats against any person, and he placed it in an open area on a driveway away from persons and property so that its percussive effect would be minimized. Had the device been placed against an object such as a house, one could readily infer the intent to cause property destruction. Likewise, had it been placed near a person, an intent to injure could be inferred. Moreover, the container used—a plastic pill bottle—is not likely to cause such personal injury or property destruction as would be likely with a metal container, i.e., a pipe. Arguably, the taping of the pill bottle was designed to prevent fragments from flying about when the device was detonated. Therefore, given these facts, we cannot say the State has proved beyond a reasonable doubt that the pill bottle was a destructive device, because by statute, such a device does not include any device which is neither designed nor redesigned for use as a weapon to be used against person or property. The State's proof on this point is insufficient.

■ Anthony assigns as error the court's adjudication of him as a child meeting the definition of § 43-247(1) on count II of the petition, because such statute only gives the juvenile court jurisdiction over juveniles who have committed misdemeanors or infractions, whereas count II was a felony. However, our finding of insufficiency of the evidence with respect to count II renders

further discussion of this assignment of error unnecessary, because we are not obligated to engage in an analysis which is not needed to adjudicate the case and controversy before us. See *State v. Mata*, 266 Neb. 668, 668 N.W.2d 448 (2003).

## CONCLUSION

We reverse and vacate the adjudication of Anthony on count II of the amended petition filed against him by the Lancaster County Attorney on March 30, 2004. The adjudication on count I is affirmed.

AFFIRMED IN PART, AND IN PART REVERSED.