WALTER C. HAMPTON, APPELLEE, v. HERMAN J. WESTOVER, APPELLANT.

291 N. W. 93

FILED MARCH 15, 1940. No. 30771.

*Seymour L. Smith, Harold C. Linahan, W. W. Wenstrand, Edward Sklenicka* and *Louis T. Carnazzo,* for appellant.

*George Evens* and *Mossman, Anderson & Meissner,* con-
*tra.*

Heard before SIMMONS, C. J., ROSE, EBERLY, PAINE,
CARTER, MESSMORE and JOHNSEN, JJ.

MESSMORE, J.

The plaintiff brought this action to recover damages from
the defendants for injuries received by him arising out of
a claimed assault and battery by the defendant Herman J.
Westover, a policeman of the city of Omaha. The jury re-
turned a verdict for the plaintiff in the sum of $400. A re-
mittitur of $100 was requested and filed, leaving the judg-
ment in the amount of $300, and from this judgment de-
fendant Herman J. Westover appeals.

The plaintiff claims that while he was employed on a
Public Works project on May 28, 1937, at about 2 o'clock in
the afternoon, and while he was on duty, defendant West-
over, acting in the course and scope of his employment, en-
deavoring to execute and perform his duties as a police
officer, came upon private grounds where the plaintiff was
peacefully performing his duty and arrested him, and then
and there, without any provocation and without any justifi-
cation, intentionally, wilfully and maliciously struck, beat,
assaulted and maimed the plaintiff by striking him on the
head and knocking him over and down the side of a steep,
stony terrace, causing injuries. For the purposes of this
appeal, it is not necessary to detail the facts as disclosed by
the record.

In paragraph 7 of plaintiff's amended petition, plaintiff
alleged, in substance, that after he was placed under arrest
and after defendant Westover had assaulted him, Westover
sent for a cruiser car and officers, ordered the plaintiff to
be taken to the police station, and at 9 o'clock in the morning
of May 29, 1937, plaintiff was taken before a police judge
and charged with resisting arrest, to which charge he
pleaded not guilty. The matter then proceeded to trial. De-
fendant Westover appeared at the trial, testifying against
the plaintiff, and after the evidence was adduced the court

entered judgment, dismissing the charge of resisting arrest. A motion was made to require the plaintiff to strike paragraph 7 from his amended petition, for the reason that the same was redundant, scandalous and irrelevant. This motion was overruled by the court. In the overruling of this motion the defendant contends the court erred.

During the trial of the instant case, two exhibits were placed in evidence, designated as 1 and 2. Exhibit 2 charged the plaintiff with resisting arrest. This exhibit shows the filing mark and the prefix "Dis." The evidence shows that a hearing was had and that defendant Westover testified at the hearing. Objection was made to exhibit 2 for the reason that "it is incompetent, irrelevant, immaterial and has no bearing on the issues in this case. The only bearing that it might have would be a question of fact to be adduced by evidence produced before this court and the jury." Mr. Evens, counsel for plaintiff, stated during the course of the objections and in conversation with Mr. Linahan, representing the defendant, as follows: "I don't want to mislead the jury. This is just the way it is, but it says dismissed." Mr. Linahan said: "That is right." Mr. Evens replied: "And you are admitting that is the true findings?" Mr. Linahan stated: "We will presume it is." The plaintiff was asked this question: "After that was dismissed, you left the police station, Mr. Hampton? A. Yes; I did." So, for the purposes of this case, we assume that there was an order of dismissal on the charge of resisting arrest which is tantamount to a judgment of acquittal. The defendant contends that the court erred when it allowed evidence to be introduced that plaintiff was dismissed on the charge of resisting arrest.

The instructions given by the trial court, in defining the issues, did not in any manner state the substance of allegation 7 contained in plaintiff's amended petition. We will confine ourselves solely to the competency of the evidence of the dismissal of plaintiff in the police court of Omaha, on the charge of resisting arrest, and its pertinence to the instant case.

The general rule is that, in the absence of a statutory provision to the contrary, a judgment of acquittal rendered in a criminal prosecution may not be given in evidence in a subsequent civil action. This rule prevails where the judgment is offered to establish the truth of facts upon which it was rendered. It prevails where the judgment rendered in the criminal action is offered in the civil action for the purpose of proving its own existence where such existence is a material fact, in which case the judgment is conclusive as to the fact of its rendition. See 20 Am. Jur. 854, sec. 1011.

The rule supported by the great weight of authority is to the effect that a judgment of acquittal in a criminal prosecution cannot be given in evidence in a purely civil action to establish the truth of the facts upon which it was rendered. Annotation, 31 A. L. R. 262. See, also, Annotation, 57 A. L. R. 504.

Many and various reasons for the rule as to admissibility have been assigned, including dissimilarity of object, issues, procedure, degree and elements of proof, parties to the action, etc., and many cases define the foregoing. Primarily, the rule rests upon a reasoning that the two proceedings are not ordinarily between the same parties. In distinguishing between cases of a criminal nature and those of a civil nature involving the same transaction, different rules apply as to the competency of witnesses and as to the weight of testimony. The issue in a criminal proceeding is not necessarily the same as in a civil action, either as to scope or as to its attendant results. The parties are necessarily different. The civil action is prosecuted by one individual. The other action is maintained by the state or municipality. Whether such reasoning is entirely sound, we are not sufficiently convinced to be dogmatic about it. Inasmuch, however, as the principle has been recognized so often and frequently announced in many jurisdictions as an unqualified canon of the law of evidence, we feel that it is more in the interest of exact justice, if not of expediency, to err in its recognition, and to apply it here, than to repudiate it.

A more pertinent case, and one which substantially supports defendant's contention, is the case of *Lillie v. Modern Woodmen of America*, 89 Neb. 1, 130 N. W. 1004. In that case the plaintiff sued the insurance company on a policy of life insurance. The company defended on the ground that the plaintiff had murdered the insured and was therefore, under the terms of the policy, precluded from recovering the benefits thereof. Apparently, the actual facts were that the plaintiff had murdered the insured. The defendant insurance company attempted to introduce into the civil action a certified copy of the record of conviction as substantive evidence. The court held: "Evidence of the commission of the crime would depend upon the proof of the fact of the criminal act. A certified transcript of the record of conviction of the beneficiary is not admissible as substantive evidence of the facts upon which the prosecution was founded, nor of the fact of the murder of the assured by the beneficiary." The same rule would apply to the transcript of a judgment disclosing the acquittal of a party or a dismissal of a criminal proceeding against him.

We conclude that the admissibility of the evidence of which the defendant complains in this case constituted prejudicial error. The judgment is therefore reversed and the cause remanded for further proceedings.

REVERSED.