WILLIAM VLCEK, APPELLEE, v. DR. JAMES R. SUTTON, APPELLANT, IMPLEADED WITH ROBERT SIEGRIST, APPELLEE.

270 N. W. 2d 906

Filed October 25, 1978. No. 41627.

Dean E. Erickson, for appellant.

Steven J. Lustgarten, for appellee Vlcek. No appearance for appellee Siegrist.

Heard before SPENCER, C. J., Pro Tem., BOSLAUGH, McCOWN, CLINTON, BRODKEY, and WHITE, JJ., and KUNS, Retired District Judge.

McCOWN, J.

This is an action at law to recover money advanced to the defendant on a loan allegedly procured by fraud, deceit, and misrepresentation. The District Court found for the plaintiff and entered judgment in the sum of $6,500. The defendant Sutton has appealed.

In April 1973, the defendant attempted to borrow $15,000 from the plaintiff and offered as collateral certain lots he said he owned. The plaintiff viewed the lots and decided they were not worth $15,000 and offered to loan the defendant $7,500. The defendant offered plaintiff a handwritten document intended to serve as a title guaranty. Plaintiff refused to accept the document. The defendant then submitted the loan contract involved here. The contract, executed in May 1973, provided, among other things: "We have a good legal title, one that gives us the right to convey a full warranty deed to William and Wilma Vlcek, husband and wife of Omaha, Ne. There are no mortgages or liens of any type on these six lots. * * * The amount of the loan is $7,500.00 and these lots will act as collateral for this loan." The contract also provided that if the defendant did not pay the principal and interest on the loan within 1 year, the lots were to become the property of the plaintiff. The plaintiff delivered a cashier's check for $6,000 and a stock certificate for 150 shares of corporate stock, which had a value of $1,500, to the defendant. The defendant never repaid the loan, but after this proceeding was commenced in 1976, he returned the stock to the plaintiff. At the time of return, the stock had a reasonable value of $1,000.

After default, when the plaintiff attempted to obtain the lots, he discovered that the defendant had never had legal title to the property, and that there was a paving assessment lien on the property.

The plaintiff testified at trial that he relied on the representation that defendant owned the lots, and that the plaintiff would not have made the loan had he known that defendant did not own the property. The defendant admitted at trial that he had never received a deed to the property and had never held good legal title. The defendant also admitted that he had endorsed and cashed the $6,000 check and used the proceeds, and admitted that he knew about

the paving assessment on the lots at the time of the loan and did not tell the plaintiff about it. Defendant denied that he intended to defraud or deceive the plaintiff.

The District Court entered a judgment finding that the money and stock were acquired by defendant through fraud, deceit, and false representations, and entered judgment against the defendant for $6,500.

The evidence overwhelmingly supports the judgment of the District Court. The judgment of the trial court in an action where a jury has been waived has the effect of a verdict of a jury and will not be set aside unless clearly wrong. Hull v. Bahensky, 196 Neb. 648, 244 N. W. 2d 293. The judgment here was clearly correct.

The defendant also contends that it was reversible error to fail to grant a continuance to the defendant when defendant's counsel was not present at the time set for trial. The record shows that this case was originally called for trial before the jury panel of January 1977. When counsel for all parties informed the court that jury trial would be waived, the court then set the case for trial on March 28, 1977. On that date plaintiff and plaintiff's counsel appeared ready for trial but defendant's counsel informed the court that he was ill and requested that the matter be reset. The case was reset for trial to commence on April 28, 1977. At that time the plaintiff and plaintiff's counsel again appeared ready for trial but neither the defendant nor his counsel appeared. The matter was again reset for trial on May 6, 1977. Again plaintiff and plaintiff's counsel appeared ready for trial but neither defendant nor his counsel appeared. The matter was again reset for trial on May 25, 1977. In each instance defendant's counsel was notified of the various settings. On May 25, 1977, plaintiff and plaintiff's counsel appeared in court at 9:30 a.m., ready for trial but the defendant and his counsel did not appear. At ap-

proximately 10:15 a.m., the defendant appeared in person without counsel. The court informed him that the matter would proceed to trial; that no further continuances would be permitted; and that if he did not remain, a default judgment would be entered against him.

At no time was any motion for continuance filed by defendant or his counsel. Judgment was entered on June 21, 1977, and on June 30, 1977, defendant's counsel filed an affidavit that he had been in the hospital on May 25, 1977.

A motion for continuance is addressed to the sound discretion of the court, and in the absence of a showing of an abuse of discretion, a ruling on a motion for a continuance will not be disturbed on appeal. Elm Creek State Bank v. Department of Banking, 191 Neb. 584, 216 N. W. 2d 883. In the case at bar there was not even a motion for continuance as required by section 25-1148, R. R. S. 1943. The District Court was more than fair in granting continuance after continuance on his own motion and there was certainly no abuse of discretion here.

The judgment of the District Court was correct and is affirmed.

AFFIRMED.