STATE OF NEBRASKA EX REL. PAUL L. DOUGLAS, ATTORNEY GENERAL, ET AL., APPELLEES, v. ROLAND MORROW, APPELLANT.

343 N.W.2d 903

Filed January 27, 1984. No. 83-410.

318

Roland E. Morrow, pro se.

Paul L. Douglas, Attorney General, and Harold Mosher, for appellees.

KRIVOSHA, C.J., BOSLAUGH, WHITE, HASTINGS, CAPORALE, SHANAHAN, and GRANT, JJ.

PER CURIAM.

Roland Morrow, defendant-appellant, asks this court to reverse the decree of the trial court which enjoins him from "operating or participating in the operation of a private school for his children of school age without complying with the School Laws of the State of Nebraska." We affirm.

This action was instituted by the State of Nebraska to enjoin defendant from violating Neb. Rev. Stat. §§ 79-201 and 79-1701 (Reissue 1981) and certain rules of the Nebraska State Department of Education. In general, the pertinent statutes require that those having control of children between 7 and 16 years of age cause such children to attend schools which meet certain requirements. The rules in question provide generally for State Department of Education approval of public and private schools, and further require a number of applications, inspections, and reports.

The record establishes that since September 1982 Morrow has been teaching his three children, two of whom at the time of trial were within the ages of 7 and 16, at home in a setting which does not comply with the pertinent statutes and which violates the aforesaid rules.

Morrow's brief assigns as error the claims that (1) the action is barred by the doctrines of res judicata and collateral estoppel; (2) injunction is not available to prevent conduct which is subject to criminal sanctions; (3) the trial court improperly allocated the burden of proof; (4) there was no showing of a compelling state interest in education; and (5) he was compelled to give incriminating evidence against himself.

The issue presented in Morrow's second assignment of error has recently been addressed in *State ex rel. Douglas v. Bigelow*, 214 Neb. 464, 334 N.W.2d 444 (1983), and decided against his position. The arguments made in connection with Morrow's third and fourth assignments of error fuse into the contentions that he, because of his sincerely held religious beliefs, is not bound by the educational laws of this state and that, in any event, there was no showing the state has a compelling interest in the education of Morrow's children. Again, these issues have been addressed and resolved adversely to Morrow in *State ex rel. Douglas v. Bigelow, supra,* and *State ex rel. Douglas v. Faith Baptist Church*, 207 Neb. 802, 301 N.W.2d 571 (1981), *appeal dismissed* 454 U.S. 803, 102 S. Ct. 75, 70 L. Ed. 2d 72, and the authorities cited therein. We see no reason to further burden the legal literature of this state by restating these well-settled rules of law.

The remaining two issues, however, warrant analysis in the context of the facts presented by the record before us.

In the first of the two remaining assignments of error, assignment No. (1) above, Morrow argues that this civil action is barred by his acquittal in a

previous criminal prosecution. Although Morrow placed into evidence a record of the testimony offered in that prosecution, he has not offered any evidence of either the charge filed or the exact judgment rendered therein. Proof of the evidence adduced in prior litigation alone does not generally sustain the burden of establishing the applicability of either res judicata or collateral estoppel. Res judicata bars all those issues which could have been raised in the prior proceeding upon the same facts sought to be presented in the subsequent action. *Pflasterer v. Koliopoulos*, 213 Neb. 330, 328 N.W.2d 789 (1983). Collateral estoppel may be applied where an identical issue was decided in a prior action, there was a judgment on the merits which was final, the party against whom the doctrine is to be applied is a party or is in privity with a party to the prior action, and there was an opportunity to fully and fairly litigate the issue in the prior litigation. *Cockle v. Cockle*, 215 Neb. 329, 339 N.W.2d 63 (1983).

Obviously, the analysis which needs to be made in resolving whether either doctrine applies requires a study of the operative pleadings and judgment, as well as the evidence adduced in the prior proceeding.

This defect in Morrow's proof of the prior litigation aside, it has long been the rule in this jurisdiction that an acquittal or dismissal in a prior criminal prosecution is no bar to the prosecution of a later civil action, and such acquittal or dismissal concludes no issues in a later civil action. *Hurley v. Brotherhood of R. R. Trainmen*, 147 Neb. 781, 25 N.W.2d 29 (1946); *Hampton v. Westover*, 137 Neb. 695, 291 N.W. 93 (1940).

The final issue is raised by Morrow's fifth assignment of error. He claims that he had the right to remain free of self-incrimination under the fifth amendment to the U.S. Constitution and that this right was violated. As will be seen from the following discussion, we need not, and therefore do not,

decide at this time whether the right claimed by Morrow existed in this case.

Morrow was called as a witness in the State's case in chief and freely answered questions about the course of home study he was supplying his children. However, in response to a question regarding whether he possessed a teacher's or administrator's certificate issued by the State of Nebraska, Morrow objected on the ground that the question called for him to incriminate himself in violation of his fifth amendment privilege. His objection was sustained at that point. Later, during the course of the trial, the court overruled the objection and Morrow was asked: "[I]t is true, is it not, that you do not hold a teacher's or administrator's certificate with the State of Nebraska?" Morrow replied, "No." Morrow and the State each argue as if that response clearly constitutes an admission by Morrow that he was not certified by the state. Frankly, we do not find this statement to be particularly illuminating. Does Morrow's answer mean, "No, your assumption is not true," or "No, I do not have a certificate"? Be that as it may, we take the construction which both parties assume, and read the answer to be an admission by Morrow that he lacked state certification.

Having taken that view, the response nonetheless becomes immaterial. Paragraph 14 of Morrow's amended answer to the State's petition states: "Section 79-1229 R.R.S. Nebraska (Reissue 1976) is alleged to require school administrators and supervisors to be certified by the State. Defendant Roland Morrow has refused, for reasons of religious conviction, to submit himself to certification. Defendant believes that compliance, with the requirements of the aforesaid statute is not required, but if required, would substantially limit and and [sic] interfere with his duty to bear witness to the Lord and to further the religious mission of the home, and would constitute governmental licensure of religion

and of his home in violation of the First Amendment to the United States Constitution."

Admissions contained in a defendant's answer are judicial in nature and waive all controversy concerning the matter. *Armbruster v. Stanton-Pilger Drainage Dist.*, 203 Neb. 772, 280 N.W.2d 72 (1979); *Sleezer v. Lang*, 170 Neb. 239, 102 N.W.2d 435 (1960). The question of whether Morrow was or was not state certified in his role as administrator or supervisor of his home study school was therefore not an open question at trial. Morrow had voluntarily, conclusively, and judicially admitted his lack of such certification. The State's question in this regard was redundant.

Morrow's lack of state certification as a teacher was established by Hugh Harlan, who, in his role as head of the instructional services branch of the State Department of Education, supervised the issuance of teacher certificates. Harlan testified that neither Morrow nor Morrow's wife held Nebraska teacher's certificates. Morrow offered no countervailing evidence.

Putting aside the response elicited by the State's ambiguous question concerning Morrow's certification, there is ample, uncontradicted evidence that Morrow was without state certification in his role as administrator, supervisor, or teacher in the home study program he conducted. As such, any error, if such there was, in overruling Morrow's objection to the question was harmless.

Error in the admission of evidence is not grounds for reversal of a judgment when no prejudice results from such error; if properly admitted evidence exists to establish that which improperly admitted evidence also establishes, the error in receiving the inadmissible evidence is not grounds for reversal. *State v. Bromwich*, 213 Neb. 827, 331 N.W.2d 537 (1983); *In re Estate of Potts*, 144 Neb. 729, 14 N.W.2d 323 (1944).

None of Morrow's assignments of error having dis-

positive merit, the injunction decreed by the trial court is affirmed.

AFFIRMED.