STATE OF NEBRASKA EX REL. PAUL L. DOUGLAS,
ATTORNEY GENERAL, ET AL., APPELLEES, V. CALVARY
ACADEMY ET AL., APPELLANTS.

348 N.W.2d 898

Filed May 25, 1984.   No. 83-554.

David C. Gibbs, Jr., and Richard W. Moore of Gibbs & Craze, and Thomas A. Wagoner of Wagoner and Wagoner, for appellants.

Paul L. Douglas, Attorney General, and Harold Mosher, for appellees.

KRIVOSHA, C.J., BOSLAUGH, WHITE, HASTINGS, CAPORALE, SHANAHAN, and GRANT, JJ.

PER CURIAM.

This was an action brought by the State of Nebraska to enjoin the defendants from operating the Calvary Academy in Grand Island, Nebraska, without complying with the school laws of the State of Nebraska. The defendants maintained that their religious convictions prevent them from complying with the school laws, and further argued that the school laws violate the free exercise clause of the first amendment to the Constitution of the United States and violate other provisions of the federal and state Constitutions. Defendants also maintain that

there was no showing that the state has a compelling interest justifying the school laws.

Following a lengthy trial, the trial court enjoined the defendants from operating the school until the school received approval in compliance with the applicable statutes and regulations. The defendants have appealed and argue that the trial court's determination that all constitutional issues raised had been resolved contrary to the position of the defendants in *State ex rel. Douglas v. Faith Baptist Church*, 207 Neb. 802, 301 N.W.2d 571 (1981), *appeal dismissed* 454 U.S. 803, 102 S. Ct. 75, 70 L. Ed. 2d 72, is erroneous.

The record discloses that Calvary Academy was being operated in violation of state law. The constitutional issues raised are controlled by our decisions in *State ex rel. Douglas v. Faith Baptist Church*, *supra*, and *State ex rel. Kandt v. No. Platte Baptist Ch.*, 216 Neb. 684, 345 N.W.2d 19 (1984). As we stated in *State ex rel. Douglas v. Morrow*, 216 Neb. 317, 319, 343 N.W.2d 903, 905 (1984):

> The arguments made in connection with Morrow's third and fourth assignments of error fuse into the contentions that he, because of his sincerely held religious beliefs, is not bound by the educational laws of this state and that, in any event, there was no showing the state has a compelling interest in the education of Morrow's children. Again, these issues have been addressed and resolved adversely to Morrow in *State ex rel. Douglas v. Bigelow, supra*, and *State ex rel. Douglas v. Faith Baptist Church*, 207 Neb. 802, 301 N.W.2d 571 (1981), *appeal dismissed* 454 U.S. 803, 102 S. Ct. 75, 70 L. Ed. 2d 72, and the authorities cited therein. We see no reason to further burden the legal literature of this state by restating these well-settled rules of law.

The order enjoining the defendants from operating Calvary Academy until such time as the school is

approved as in compliance with state law was proper and is affirmed.

AFFIRMED.